No. 2590

## STIMSON *v.* DISTRICT COURT

August 6, 1923.          217 Pac. 588.

1. DIVORCE—COURT WITHOUT JURISDICTION IN MOTION TO VACATE DECREE FILED MORE THAN SIX MONTHS AFTER RENDITION.

Under Rev. Laws, 5842, proceedings in divorce, as nearly as conveniently may be, conform to those at law, and under civil practice act, sec. 142 (Rev. Laws, 5084), providing that when summons has not been personally served on defendant the court may allow defendant at any time within six months after rendition of judgment to answer to the merits, the district court is without jurisdiction to entertain a motion to vacate an original decree of divorce filed more than six months after rendition of decree.

ORIGINAL APPLICATION by Curtis Stimson for writ of prohibition to the District Court of the Sixth Judicial District, in and for Humboldt County, and J. A. Callahan, Judge thereof, to prohibit the vacation of a decree of divorce on motion of Lillie Stimson. **Alternative writ made permanent. Petition for rehearing denied.**

*Mack & Green,* for Petitioner: .

Motion to vacate judgment must be filed within six months. Rev. Laws, 5084; Sweeney v. Sweeney, 42 Nev. 438.

Equity will set aside judgment where fraud is extrinsic or collateral, and not for fraud in matter on which decree was rendered. U. S. v. Throckmorton, 98 U. S. 61; Pico v. Cohn, 27 Pac. 537.

The proper remedy is by petition in equity, not motion to set judgment aside. Twigg v. James, 79 Pac. 959.

*Campbell & Robins,* and *J. W. Weatherford,* for Respondents:

The wording of our statute clearly contemplates and permits service of notice out of state. Rev. Laws, 5364; District Court Rule 10. Service on attorney is sufficient. DeVall v. DeVall, 109 Pac. 755.

There was not valid service of summons in this case and therefore six - month provision in sec. 5084, Rev. Laws, does not apply. Perry v. District Court, 42 Nev. 284.

Courts of general jurisdiction may modify or vacate their judgments during term in which they are pronounced, independently of statute. Parks v. Haynes, 152 Pac. 400.

Divorce decree may be set aside for fraud on motion. Adams v. Adams, 12 Am. Rep. 134.

By the Court, SANDERS, J.:

On May 27, 1911, Curtis Stimson filed in the district court of Humboldt County a complaint against his wife, Lillie Stimson, for divorce. Service of process was had by publication. On the 5th day of September, 1911, no answer having been filed, the defendant's default was duly entered, and on the 9th day of October, 1911, plaintiff proceeded to trial and obtained a final decree of divorce.

On the 16th day of December, 1922, Lillie Stimson filed her motion, with supporting affidavits, in said court, entitled in the cause of Stimson v. Stimson, to have the judgment of divorce vacated and asking that she be permitted to file her answer to the complaint therein, alleging the following facts, in brief, as the grounds for her motion: That the order of publication

was obtained by fraud, in that at the time of making the affidavit upon which the order of publication of summons was obtained and at the time said order was obtained, Curtis Stimson, the plaintiff, could have known and did know that she (the defendant) then resided at Corvallis, in the State of Oregon, and that her postoffice address was at that place; that the affidavit of plaintiff was false and untrue and was made for the purpose of concealing the pendency of the action and obtaining a decree of divorce without her knowledge, and to conceal from the court her whereabouts, and to prevent her from making a defense to the action; that the summons was not served upon her; that she has a complete defense to the action; that she had no notice of the pendency of the proceeding until long after the trial thereof, and that she was in ignorance of the fraud practiced upon her until within six months immediately preceding the filing of her motion; that the judgment obtained is a fraud upon her and upon the court.

Upon consideration of the moving papers, the respondent court made an order purporting to fix the 29th day of January, 1923, as the date for the hearing of said motion, and ordered that the defendant serve, or cause to be served, on plaintiff and his attorney of record in the divorce action a copy of the order and notice of motion at least ten days before the date fixed for the hearing thereof. It appears that both the plaintiff and his attorney of record in the divorce action are now nonresidents of Nevada, and that the papers were served by delivering copies thereof to said parties without the State of Nevada.

On the 29th day of January, 1923, Curtis Stimson, in response to the citation, appeared specially for the purpose of objecting to the jurisdiction of the court to vacate the judgment, and for no other purpose. On the 13th day of February, 1923, the court made an order overruling the objection to its jurisdiction, and by order gave plaintiff fifteen days in which to prepare, serve, and file answering affidavits.

On the 26th day of February, 1923, Curtis Stimson, by his attorney, petitioned this court for an alternative writ of prohibition to prohibit the respondent court from proceeding to hear and determine the motion to vacate the judgment for divorce, and prayed that, upon the return to the alternative writ, the writ be made absolute and perpetual. The matter came on for hearing on the 19th day of April, 1923, and was submitted for decision upon the demurrer to the petition and upon the return of the respondents.

Upon consideration of the elaborate briefs, we conclude, as was intimated from the bench on argument, that the real controversy between the parties turns upon a question of practice.

Section 142 of the civil practice act (section 5084 of the Revised Laws of Nevada) provides:

" \* \* \* And when, from any cause, the summons and a copy of the complaint in an action have not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action."

If this clause of the practice act applies to a motion of the character and nature of that made by the respondent, Lillie Stimson, to vacate the original decree of divorce granted her husband nearly twelve years prior to the date of her motion, it is determinative of the jurisdiction of the respondent court and judge to hear and determine her motion. 23 Cyc. 907.

But it is strenuously insisted and argued on behalf of the respondents that where it is made to appear by motion that the judgment was obtained by the plaintiff's fraudulent and wrongful conduct in obtaining service of process, and where it is made to appear from the motion that the judgment is a fraud upon the defendant and upon the court, the court, in furtherance of justice and the preservation of the integrity of its own process, has the right, and it is its duty, to entertain the motion to vacate the judgment, independently of the

statute. In support of this contention counsel favor us with the citation of numerous authorities, and particularly the divorce cases of Scribner v. Scribner, 93 Minn. 195, 101 N. W. 163; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Denton v. Denton, 41 How. Prac. (N. Y.) 221. We appreciate the fact that the judgment sought to be vacated is for divorce, with its serious consequences, personal and property. Such judgments, more than judgments of other kinds, claim timely attention from courts. But the clause of our practice act does not expressly except divorce proceedings, as do the statutes of Minnesota and North Dakota, hence the cases cited from those jurisdictions do not apply, unless we are authorized to create or read into our statute an exception of divorce proceedings.

In Denton v. Denton, supra, it is asserted that every court of record, unless restrained by positive enactment, has the power to vacate its judgments when it is established that they were obtained by fraud. It is pointed out in the opinion that under the practice in New York courts of law are authorized, when they are unable to determine questions of fact arising on motions, to refer the disputed questions of fact to a referee to take proof, and in that way afford the parties an opportunity to ascertain the truth by the examination of the witnesses produced before such referee. But in this proceeding it is conceded that, unless prohibited, the respondent court and judge will proceed to hear and to determine the motion upon affidavits.

We do not see that a decree of divorce, not void upon its face, rests upon any other or different ground than any other judgment. The act relating to marriage and divorce provides that the proceedings, pleadings, and practice, as nearly as conveniently may be, shall conform to those at law. Section 5842, Revised Laws. The courts and text-writers make no distinction between divorce judgments and other judgments. Miller v. Miller, 37 Nev. 257, 142 Pac. 218. See State v. District Court, 38 Mont. 166, 99 Pac. 291, 35 L. R. A. (N.S.) 1098, 129 Am. St. Rep. 636, and authorities cited.

The judgment sought to be vacated not being void

upon its face, and all the statutory requirements to give the court jurisdiction having been apparently complied with, the respondent court, because of the limitation prescribed by the statute, is without jurisdiction to hear and determine the motion of Lillie Stimson to vacate the original decree of divorce.

By this we do not mean to hold or to decide that Lillie Stimson is without a remedy. To decide that the statute is exclusive would in many cases result in the denial of the most obvious justice. The case of Lillie Stimson may be one of those cases. We express no opinion upon it. What we decide is that her remedy by motion is gone. Whether or not she had a remedy in equity we do not decide, but point out to her that if she has such a remedy she must assert her rights by a proceeding in the nature of a bill in equity to impeach the original decree for fraud.

Whether the petitioner by resisting the motion appeared specially or generally is wholly immaterial, as we conclude that the respondent court is without jurisdiction to entertain the motion.

The alternative writ must be made permanent.

It is so ordered.

### ON PETITION FOR REHEARING

March 10, 1924.                                    223 Pac. 823.

*Per Curiam:*

Rehearing in the above-entitled cause is hereby denied.

COLEMAN, J., dissenting:

I dissent from the order denying the petition for a rehearing. I concurred in the opinion in this case with great reluctance, feeling that perhaps the conclusions of my esteemed associates were entitled to more consideration than my own, but, after a more thorough investigation of the matter, I am convinced that the writ should not issue.

This is an original proceeding in prohibition. Our statute provides: "The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person,

whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person." Section 5708, Rev. Laws.

From the statute quoted it will be observed that this writ will issue to a court of inferior jurisdiction only when the proceedings sought to be prohibited are without or in excess of the jurisdiction of such court. Furthermore, it is a well-recognized rule that this writ is to be issued with caution and forbearance, for the furtherance of justice, and even then only when there is no adequate remedy at law. State ex rel. Irving National Bank v. Second Judicial District Court, 47 Nev. 83; 217 Pac. 962.

In the light of the statute quoted and the well-recognized rule stated, let us consider the facts of the matter and apply the law. The respondent Lillie Stimson filed in the respondent court a motion to vacate and set aside a decree of divorce dissolving the bonds of matrimony existing between her and her husband, the petitioner herein. The motion is based upon several grounds, among others, that the plaintiff in the divorce action (petitioner herein) perpetrated a fraud upon the court and upon the defendant in the divorce action; that the affidavits and proofs filed in said divorce action prior to the trial thereof are insufficient to give the court jurisdiction to hear, consider, and render a judgment and decree in the matter; and upon the further ground "that the defendant had no notice of the pendency of this cause or of the proceedings until long after the trial was had."

Bearing in mind that this is an original proceeding, and not one on appeal, we should fully consider every matter embodied in the record to determine if, in view of the reluctance with which such writs are issued, one should issue in this matter.

The petition for the writ contains the affidavit made by Stimson as a basis for the order of publication of summons, the order of publication entered by the court, and the proof of publication. The affidavit for the order

of publication of summons states that the last known place of residence of the defendant was Corvallis, Benton County, Oreg., and that the more recent postoffice address of the defendant was General Delivery, St. Louis, Mo. It then recites that the affiant had received several letters stating that they did not know the residence or whereabouts of the defendant, one being to the effect that the writer had seen her at the postoffice in St. Louis, Mo. It then contains the following statement: "That affiant has inquired and caused further inquiry to be made in and about Corvallis, Oreg., of persons who were friends and acquaintances of himself and his wife, but he has been unable after due and diligent effort to obtain any information whatsoever, either from friends and acquaintances or any other persons, or from any other source of information, as to the present residence of the defendant, except that which is hereinbefore set forth."

The statute which was in force at the time the divorce action in question was instituted provided, in substance, that, if it be made to appear by affidavit that the defendant resided out of the state, or had departed from the state, or after due diligence could not be found in the state, the court might order the service of the summons by publication. Nowhere is it stated in this affidavit that the defendant was not a resident of this state, nor does it undertake to show that she could not have been found therein. The affidavit fails to state facts showing diligence on the part of the plaintiff, which was necessary to give the court jurisdiction to make the order of substituted service of summons, and for this reason alone the court never acquired jurisdiction to make the order of publication. Perry v. District Court, 42 Nev. 284, 174 Pac. 1058.

But, ignoring this question, and assuming that the court did have jurisdiction to make the order for substituted service, it is my opinion that the order was never complied with, and hence the court did not acquire jurisdiction to hear, determine, and adjudge the matter presented. As has been pointed out, the court ordered

the service of summons by publication in a newspaper, and by mailing a copy thereof, together with a copy of the complaint in the action, to the defendant at Corvallis, Oreg., and to General Delivery, St. Louis, Mo. The only proof showing a compliance with the order (as to mailing the summons and copy of the complaint) is the affidavit of the plaintiff himself that he mailed such copies to the defendant to Corvallis, Oreg., and the affidavit of his attorney that he mailed the copies to her at General Delivery, St. Louis, Mo. This is no service at all. Neither a plaintiff nor his attorney can serve a summons. At common law the service of summons had to be by an indifferent person—one who was not interested in the litigation. 8 Bacon's Abr. p. 690.

By statutory enactment the common law exists in this state except where expressly changed by statute. There is no statute in this state authorizing a person interested in the result of litigation to serve a summons. The so-called service by the plaintiff and his attorney is void, and could not give the court jurisdiction.

In State ex rel. Finch v. Duncan, 195 Mo. App. 541, 193 S. W. 950, wherein it considered the authority of a husband, acting as deputy sheriff, to serve upon his wife certain papers in the matter of an inquisition into her sanity initiated by him, it was held that no jurisdiction was acquired in the matter. The court said: "Now, in civil actions it has never been the policy of the law, either statutory or that known as the unwritten or common law, that the person who brought the action and was interested therein should be allowed to also serve the process and make return thereof. * * * So that even in the case of an ordinary civil action, involving no more than a mere civil liability for a limited sum of money, and where the regular process server is an official under heavy bond for the faithful performance of his duties, still the statute will not permit him to act in a case where he is plaintiff or is interested in the outcome of the suit. And the same is true at common law. * * * If an official who is

under bond is not allowed to serve process as the foundation of a suit in which he is interested or is a party, how much less should a private person, who is a party to the proceeding and interested in the outcome thereof, be allowed to serve the foundational notice or process therein and make return by attaching an affidavit thereto?   *   *   *   It is not a question of whether Mr. Finch in this case is or is not acting honestly and with the best of motives, nor of whether he did or did not deliver a copy of the notice to Mrs. Finch as ·the attempted return on the notice states.  The question is whether or not the law can regard service of jurisdictional notice, by one who is a moving party to a cause and interested in the outcome, as any service or notice at all.  To recognize the validity of such notice in this case will give validity to it in all other cases of like character.  It would open the way and make it more easily possible for designing persons to railroad another into guardianship and perhaps worse, and to deprive him of his liberty and property without an opportunity to be heard.  Consequently, it is not an error of fact against which this particular feature of relatrix's application for a writ of prohibition is directed, but, if we are right in our view, it is an error of law in holding that to be notice which is not notice, when viewed in the general light of the law's fixed and settled policy.  If the so-called notice on which the inquiry is based is in law no notice, then the error of considering it as notice is not only an error of law, but one going to the jurisdiction of the probate court to maintain the inquiry, and not a mere irregularity or defect thereof."

In Nelson v. Chittenden, 53 Colo. 30, 123 Pac. 656, Ann. Cas. 1914A, 1198, the court said:

"In Toenniges v. Drake, et al., 7 Colo. 471, it was held that the service of a summons by a plaintiff in the cause is void"—citing other authorities to the same effect.

In Morton v. Crane, 39 Mich. 526, Judge Cooley, speaking for the court, in a case in which a service by an officer who was the plaintiff was attacked, said: "The danger of abuse in the case of a summons consists

in this, that the officer may falsely make return of a service never made, and thereby put himself in position to obtain judgment by default against a party who perhaps will hear of the proceedings for the first time when an execution appears against him. No danger of abuse from an officer serving his own process can be greater than this, and the practice which would subject the officer to this temptation should not be tolerated. The courts generally have adhered with great propriety and justice to the rule that in no case shall a man be officer and party in the same proceeding"—citing authorities.

In Singletary v. Carter, 1 Bailey (S. C.) 467, 21 Am. Dec. 480, where the question was involved, the evils of such a practice were pointed out and condemned, the court holding that the proceeding upon such service was void.

In Rutherford v. Moody, 59 Ark. 328, 27 S. W. 230, it was held that service by plaintiff's attorney was void. To the same effect: Flury v. Grimes, 52 Ga. 341; Dyson v. Baker, 54 Miss. 24; Snydacker v. Brosse, 51 Ill. 357, 99 Am. Dec. 551.

With the foregoing conclusions established, we are brought to a consideration of the propriety of issuing the writ sought. If it be conceded that the lower court has no jurisdiction to inquire into the question of fraud, it certainly has authority to inquire into the other questions involved, and, this being true, the writ sought should not issue. Furthermore, the writ issuing, as it does, only in the furtherance of justice, I am convinced, in view of the entire record, that a gross injustice would be perpetrated by the issuance of the writ. Furthermore, I am not entirely satisfied with the theory upon which we based our former opinion, realizing that weighty reasons and high authority exist in support of the contrary view. In 15 R. C. L. at page 704, it is said: "It is generally held that judgments procured by fraud may be set aside or vacated at the instance of one who himself is not a party to the fraud."

We find in the 23 Cyc. at page 919, the following:

"Fraud practiced upon the court is always ground for vacating the judgment, as where the court is deceived or misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair."

See, also, Craig v. Craig, 110 Kan. 13, 202 Pac. 594; 15 Stand. Ency. of Proc. 191.