Argued June 23; affirmed July 19; rehearing denied
September 27, 1932.

# STIMSON v. STIMSON ET AL.

(13 P. (2d) 368)

*J. K. Weatherford,* of Albany, and *C. M. Huddleston,* of Corvallis (Weatherford & Wyatt, of Albany, and Middlekauff & Huddleston, of Corvallis, on the brief), for appellant.

*Earl C. Bronaugh,* of Portland (Bronaugh & Bronaugh, of Portland, on the brief), for respondent.

KELLY, J.   The property involved in this suit is described as follows, to-wit:

Commencing at a stake at the northeast corner of a tract of land conveyed by L. F. Wilson and wife to W. E. Yates, by deed bearing date, February 23, 1889, and recorded at page 297, Book "W" Deed Records of Benton county, Oregon, and running thence west on the north line of said land 800 feet to a stake at the northwest corner of said tract of land; thence north 1 degree and 45 minutes west 550 feet to the southwest corner of the tract of land sold and conveyed by L. F. Wilson and wife to John Miller on February 19, 1889, by deed recorded at page 290, Book "W" of Deeds, Benton county, Oregon, records; thence east 800 feet to the southeast corner of said Miller's tract of land; thence south 1 degree 45 minutes east 550 feet to the place of beginning, excepting and reserving therefrom a strip forty feet wide on the north side of the whole length of said premises for a public road.

It will be referred to as the ten-acre tract in suit. The complaint herein is in the usual form. Defendant, Lillian Stimson, by her answer, put in issue plaintiff's claim of ownership and alleges affirmatively that said defendant and one Curtis Stimson were married on the 17th day of September, 1900, and ever since said date have been and now are husband and wife, and are

now residents and inhabitants of the state of Oregon; that said defendant and said Curtis Stimson acquired said property in consideration for $3,400 accumulated by the joint efforts of and jointly owned by said defendant and said Curtis Stimson, and, at the time of purchase, it was mutually understood and agreed that each should have an undivided interest therein; that title should be taken in the name of the said Curtis Stimson, and that said property should constitute and be their mutual home and place of abode.

It is also alleged in said defendant's answer that on the 10th day of November, 1906, without the knowledge or consent of said defendant, and, without her having received any consideration therefor, the said Curtis Stimson executed a pretended conveyance of said property to his sister, J. E. Aubrey, the grantor of plaintiff; that said pretended conveyance by the said Curtis Stimson was made without consideration and is void and was made for the purpose of defrauding said defendant and depriving her of her interest in and to said property.

It is also alleged that on or about the 9th day of April, 1928, said J. E. Aubrey executed a pretended conveyance of the said real property to plaintiff; that plaintiff is the daughter-in-law of the said Curtis Stimson and a niece by marriage of the said J. E. Aubrey, and at all times knew and was informed of this defendant's interest in and to said real property; that this defendant is informed and believes and therefore alleges that plaintiff paid no consideration for said premises, and that said pretended conveyance was and is void, and was made for the purpose of defrauding this defendant and depriving her of her interest in and to said property and hindering her in securing her just claims against said Curtis Stimson; that the

alleged claim of plaintiff to said real property is derived solely from the said pretended conveyances executed by the said Curtis Stimson and the said J. E. Aubrey, respectively, and is null and void, and is subordinate and inferior to the claim of this defendant.

It is admitted in the pleadings:

"That the defendant, Lillian Stimson, is an insane person and judicially declared to be of unsound mind by judgment of the county court of the state of Oregon for Benton County, by order of said county court duly entered September 22, 1924, and that by order of the above entitled court duly entered on the 25th day of September, 1924, J. Fern Stimson (now J. Fern Waldron) was duly appointed guardian of the person and estate of the defendant and ever since has been and now is the duly appointed, qualified, and acting guardian of said defendant."

That appealing defendant and one Curtis Stimson were married on September 17, 1900, and that they are now residents and inhabitants of the state of Oregon.

In plaintiff's reply, she alleges that on October 9, 1911, a decree of divorce was granted said Curtis Stimson from said defendant in the sixth judicial district court of the state of Nevada for the county of Humboldt, and that by reason of the lapse of more than seventeen years since the conveyance of said real property by said Curtis Stimson to J. E. Aubrey, plaintiff's claim of right in said real property is stale and that plaintiff ought not to be allowed to assert the same.

It is also alleged in said reply:

"That on or about the 15th day of June, 1903, Curtis Stimson purchased the real property described in the complaint from B. J. Evers and Emma Evers, his wife, and said vendors did then and there execute and deliver to said Curtis Stimson a deed of conveyance of said real property, which deed is recorded at page 443 of book 41 of records of deeds of Benton

County, state of Oregon, and that by virtue of said conveyance said Curtis Stimson became the owner in fee simple of said real property in his own right and as his own sole and separate property, and that the said defendant, Lillian Stimson acquired no interest in said property of any kind or nature excepting an inchoate right of dower by virtue of her marital relation with said Curtis Stimson, and that the said defendant, Lillian Stimson, never at any time acquired any other or further interest in said real property.''

An examination of the record convinces us that defendant, Lillian Stimson, has failed to prove that the ten-acre tract in suit was paid for with funds obtained by the joint efforts of herself and said Curtis Stimson, or that there was any agreement to the effect that the title would be taken in the name of said Curtis Stimson to be held by him for the benefit, use and enjoyment of each of them, or that each should have an equal interest therein.

We are unable to say whether the unfortunate disability with which said defendant is now afflicted is responsible for this lack of proof or not, and express no opinion thereon.

Because of this disability and other circumstances, which we will note, we have given careful and searching consideration to the question whether any effect should be accorded to the record of the divorce granted in Nevada. In the absence of these circumstances, whether defendant was under mental disability or not, the writer would give full effect to said decree of divorce and hold that the bonds of matrimony between the parties thereto had been severed; but, upon reviewing the record, we are convinced that Curtis Stimson was guilty of gross deception and fraud with reference to his wife's interest in the property in suit and their marital contract.

1. Defendant charges him with having induced her to take their child and go on a visit to her sister's home in St. Louis, Missouri, bidding her and the child an affectionate goodbye, then, within a few days after their departure, giving his sister possession of their home, and ordering defendant's eleven-year-old son out of the house and setting him adrift. It is further charged that, when this had been done, Stimson left for parts unknown and never thereafter returned to his wife and child. An analysis of the testimony convinces the writer that these charges are true. It is established beyond possibility of question that on or about September, 1907, defendant left the ten-acre tract in suit, which had been the home of Stimson and defendant, to visit her sister in St. Louis. Stimson says that he wrote defendant a few days after she had left, addressing her at St. Louis, telling her that he had sold the place to his sister. The deed, however, under which the sister procured title, was executed by Stimson on the 10th day of November, 1906. Fairness to his wife would have impelled him to advise her of its execution long before she left on the visit aforesaid. We are unable to give credence to Stimson's statement that, notwithstanding his concealment for ten months of the fact that he had executed the transfer to his sister, as soon as his wife had gone to St. Louis he wrote advising his wife of it.

It is indisputably established that when defendant returned from St. Louis to Corvallis, Stimson was gone and Stimson's sister denied defendant admittance to her former home.

It is claimed that Stimson gave his wife a check for $200, when she left for St. Louis, and, as soon as she had gone, he stopped payment thereon. Her son, who was eleven years old when she left, testified that he saw the check and that for years thereafter it was

among his mother's personal effects. There is no denial by Stimson that he gave this check or that he stopped payment thereon.

We are forced to the conclusion that, instead of defendant deserting Stimson, Stimson deserted defendant.

The decree of divorce was entered on the 9th day of October, 1911. On the 2d day of September, 1911, Curtis Stimson made an affidavit in said divorce case to the effect that on the 8th day of June, 1911, he mailed a copy of the summons and complaint in the Nevada divorce case to defendant at Corvallis, Oregon. At that time the daughter of defendant and Stimson was ten years old. Defendant's son was a graduate of the Oregon State College. They both testified that the contents of the mail were known to all the members of the household, and that no divorce summons or complaint ever came by mail to their mother. It is indisputably proven that at the time the divorce case was instituted, for several years before and until 1924, when she was committed to the hospital for the insane, defendant resided in Corvallis at a place just across the street from the ten-acre tract in suit. It is significant that only Curtis Stimson, himself, avers that the summons and complaint were mailed to defendant at Corvallis. The mailing thereof to St. Louis, Missouri, is attested by Stimson's attorney. The showing made upon which the order of publication was based, when read in the light of undisputed facts, displays a craftiness worthy of a far better cause. A letter is appended to Stimson's affidavit wherein one B. G. Taylor, under date of September 21, 1910, writes from Cedar Falls, Iowa, and, among other things, says:

"We left Corvallis, Oregon, last spring. Mrs. Stimson your wife left that country before we did I heard

I she went to St. Louis mo I think her address General Delivery I did not know but you would wish to write to her so I thought I would tell you of her whereabouts."

There is also appended to said affidavit a letter under date of March 17, 1911, written at San Francisco, California, by one H. R. Woodall, containing this clause:

"By the way while I was standing at Genl Delivery window P. Office, St. Louis waiting for my mail your wife Mrs. Lillie Stimson came and enquired for her mail I recognized her as soon as I saw her but I dont think she recognized me if she did she did not show it in any way."

Another letter is also appended to said affidavit. It is from Stimson's sister, Mrs. Davis, the aunt of plaintiff. It is written at Corvallis, Oregon, and dated March 16, 1911. In it this sentence appears:

"You ask about your wife Mrs. Lillie Stimson I havent seen or heard of her for a long long while over a year and I don't know any thing about her whereabouts."

When it is borne in mind that, at all times mentioned in said letters and said affidavit, defendant was residing across the street from the ten-acre tract in suit, and that even the slightest diligence would have disclosed that fact, the sham, the hyprocrisy, the downright falsity of said Stimson's affidavit is apparent, when he says:

"That affiant has inquired and caused further inquiry to be made in and about Corvallis, Oregon, of persons who were the friends and acquaintances of himself and wife, but he has been unable, after due and diligent effort, to obtain any information whatsoever, either from friends and acquaintances or any other persons, or from any other source of information, as to

the present residence of the defendant, except that which is hereinbefore set forth." Supplemented by this further statement, "He is informed and verily believes said defendant is now living in St. Louis, Missouri."

Stimson's sister, Mrs. Aubrey, testified that in 1907, Curtis Stimson sent money to her to be used in defraying defendant's expenses from Corvallis, Oregon, to Iowa, and that she, Mrs. Aubrey, took the money to the railroad agent at Corvallis.

On or about the 16th day of December, 1922, defendant filed in said district court of the sixth judicial district of the state of Nevada in and for the county of Humboldt, a motion to vacate and set aside said decree of divorce. Upon petition of said Curtis Stimson, however, a writ of prohibition was issued by the Supreme Court of Nevada and on the 6th day of August, 1923, the Supreme Court of Nevada rendered an opinion to the effect that the district court was without jurisdiction to hear or determine defendant's motion to vacate said decree of divorce. 47 Nev. 156 (217 P. 588, 223 P. 823).

Because of the perfidy of Stimson, we are unwilling to give extraterritorial effect to the decree of divorce which was thus obtained by his deception. In so holding, we disavow any intention of establishing a rule that the mere fact, that a decree of divorce granted against a nonresident defendant in a sister state is based upon constructive service, is sufficient to prevent such decree from being valid and effective in Oregon. Each case must stand upon its own facts and circumstances. Upon such a record, a decree of divorce has no obligatory extraterritorial force in the state of defendant's domicile. *Haddock v. Haddock,* 201 U. S. 562 (26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1).

■ It is suggested that defendant's claim is stale, because of laches. With respect to a claim of an inchoate right of dower laches cannot be imputed to a wife during her husband's lifetime as her right has not accrued. 19 C. J. 560, § 306, note 27, and cases there cited.

That part of the decree of the circuit court herein, which declares Gertrude E. Stimson to be the owner of the premises in suit and that defendant, Lillian Stimson, is barred from any and all claims of right thereto is hereby modified to read as follows:

It is now hereby ordered, adjudged and decreed that the plaintiff, Gertrude E. Stimson, was at the time of the commencement of this suit, and now is the owner in fee simple of the premises hereinafter described, subject to an inchoate right of dower therein owned and held by defendant, Lillian Stimson, as the wife of Curtis Stimson grantor in that certain deed recorded on page 49 of book 48 record of deeds in and for Benton county, Oregon.

It is further ordered, adjudged and decreed that, except as to the said inchoate right of dower of the said Lillian Stimson in and to said premises, the adverse claims of all persons or parties, known or unknown, claiming any right, title, estate or interest in the real estate described in the complaint herein, and of all persons claiming or to claim said premises or any part thereof, through or under said defendants or either of them, are invalid and groundless, and, except as to said inchoate right of dower of the said Lillian Stimson in and to said premises, all such defendants be and they are hereby forever barred from any and all claim of right or title to the said premises or lien thereon or any part thereof, and, except as to

said inchoate right of dower of the said defendant, Lillian Stimson, they and each of them are hereby perpetually estopped and enjoined from setting up any claim thereto or to any part thereof, and the title of plaintiff is decreed to be quieted against all claims and demands of the defendants or either of them, except as to said Lillian Stimson's inchoate right of dower in and to said premises.

As thus modified, the decree of the circuit court is affirmed.

It is ordered that defendant, Lillian Stimson, have and recover from plaintiff her costs and disbursements on this appeal.

Modified and affirmed.

BEAN, C. J., RAND and CAMPBELL, JJ., concur.