Argued December 14; affirmed December 31, 1934

# GAMBLE *v.* L. B. MENEFEE LUMBER COMPANY

(39 P. (2d) 667)

*W. B. Shively,* of Portland, for appellant.

*Howard P. Arnest,* of Portland, for respondent.

■ BEAN, J. Appellant contends that the lower court erred in vacating the order of dismissal and dismissing the defendant's plea of res judicata. Plaintiff's motion for reinstatement of the cause was on the ground "that notice of the intention to dismiss said cause was given pursuant to Rule 79 of this court or otherwise or at all as required by law". The words "or otherwise or at all as required by law" indicate that the omission of the word "not" between the words "was" and "given" was a clerical error. The affidavit in support of the notice to reinstate shows that no notice was given to either plaintiff or his attorney.

Section 1-907, Oregon Code 1930, provides that the court, in its discretion, may at any time within one year after notice thereof relieve a party from a proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. The motion was filed within one year after plaintiff was informed of the order dismissing the action. That court could take cognizance of all matters pertaining to the case. The matter was plainly within the discretion of the court, and the court did not abuse its discretion. There was no error of the court in such ruling. See *McAuliffe v. McAuliffe,* 136 Or. 168 (298 P. 239); *Hanthorn v. Oliver,* 32 Or. 57 (51 P. 440, 67 Am. St. Rep. 518).

If the original action had been in the circuit court, no doubt the parties would have followed the procedure provided in section 6-102, Oregon Code 1930. When the complaint in the equity suit was disposed of, the case would have been practically in the same condition as provided in that section, as follows:

"If, after determining the equities, as interposed by answer or reply, the case is allowed to proceed at

law, the pleadings containing the equitable matter shall be considered withdrawn from the case, and the court shall allow such pleadings in the law action as are now provided for in actions of law.''

■ The district court permitted defendant to file its answer, and it was appropriate for the action at law to proceed as though there had been no suit in equity to reform the order.

Plaintiff's claim for damages did not constitute a counterclaim in equity and was not available against appellant in its equity suit for reformation and injunction. The equity suit merely stayed the action at law until such suit was determined: § 6-113, Oregon Code 1930; *State v. Pacific Live Stock Co.*, 93 Or. 196 (182 P. 828); *Oregon-Wash. R. & N. Co. v. Reed*, 87 Or. 398 (169 P. 342, 170 P. 300).

In *Title I. & T. Co v. N. W. L. D. Tel. Co.*, 88 Or. 666 (173 P. 251), a suit to foreclose a corporate trust deed, defendant sought to set up by answer the conversion of cash and bonds by plaintiff to recover judgment therefor, which claim was upheld by the trial court. Upon appeal, it was held that such could not be interposed as a counterclaim. Mr. Justice BURNETT said:

''The principal objection to the correctness of that conclusion of the Circuit Court is that it is not averred in the answer of the receiver that the plaintiff committed any act of conversion. A judgment can not be of any force without a pleading to support it. Moreover, such a charge, if made, would not be a defense or counterclaim in this suit for the foreclosure of the trust deed.''

The question of plaintiff's damages was not determined in the equity suit and could not have been

determined therein. The plea of res judicata was properly denied: § 9-621, Oregon Code 1930; *Spence v. Hull,* 75 Or. 267 (146 P. 95, 98); *Stillwell v. Hill,* 87 Or. 112 (169 P. 1174).

The judgment of the trial court was correct and is affirmed.

ROSSMAN, J., not sitting.