Argued February 19; affirmed March 30, 1948

# KELLEY *v.* KELLEY

191 P. (2d) 656

*B. G. Skulason,* of Portland, argued the cause and filed a brief for appellant.

*Earl F. Bernard,* of Portland, argued the cause for respondent. On the brief were Collier & Bernard and William F. Bernard and William K. Shepherd, of Portland.

Before ROSSMAN, Chief Justice, and LUSK, KELLY, BAILEY and HAY, Justices.

ROSSMAN, C. J.

This is an appeal by the defendant from a decree of the circuit court which (1) adjudged that a decree of divorce granted the defendant from the plaintiff in the state of Nevada was void; (2) awarded the plaintiff from the defendant a separation from bed and board; and (3) ordered the defendant to pay $10 monthly towards the support of the plaintiff. The appellant (husband) and respondent (wife) were married October 19, 1935, in the state of Washington. Both were domiciled in Oregon. In December, 1938, the appellant deserted the respondent. June 14, 1939, the respondent filed in the Circuit Court for Multnomah County a petition which prayed for an order requiring the appellant to contribute to her support. After issue had been joined and a trial had been had the circuit court entered a decree October 26, 1939, awarding the respondent support money. January 16, 1945,

the appellant left Oregon and went to Nevada where, on April 17, 1945, he was given a decree of divorce from the respondent. Immediately after the entry of the decree he returned to Oregon. June 6, 1945, the respondent instituted this suit. It is based upon a charge of desertion. The appellant does not challenge the sufficiency of the evidence which proves the desertion.

The appellant presents two assignments of error. The first is:

"It was error to admit any evidence in support of the complaint and to enter a decree in favor of the respondent for separate maintenance. Respondent's motion for judgment of dismissal on the pleadings should have been granted."

The following is the second assignment of error:

"It was error to set aside the Nevada decree."

In support of the first assignment of error, the appellant argues that the decree entered October 26, 1939, which ordered him to contribute toward his wife's support estops her from maintaining this suit. He says:

"An examination of the two complaints shows that the cause of suit and the relief sought are substantially identical in the two cases. * * * The adjudication in the first suit is a complete bar to the maintenance of the present suit."

■ When the suit was filed which terminated in the decree of October 26, 1939, a section of our laws read as follows:

"It shall be lawful for any married woman to apply to the circuit court of the county in which she resides for an order upon her husband to provide for her support." § 63-212, O. C. L. A.

Section 63-213 said:

"Her petition shall set forth the facts and circumstances upon which she relies for such order, and if it shall appear to the court, after hearing the parties, that said husband is able to support or contribute to the support of his wife and said children, if any, and that he neglects or refuses to perform his duty in that respect, the court shall have power to make such decree as to the support of said wife and children, if any, by said husband as shall be suitable * * *."

Sections 63-214 and 63-215 delineated the practice in support proceedings. The four sections just mentioned were adopted in 1889 and repealed in 1941. It is seen from the foregoing that the wife, in order to obtain a decree for support money, was required to prove that her husband was able to contribute and that he neglected to do so. She was required to prove no other delict. See *Kiessenbeck v. Kiessenbeck,* 145 Or. 82, 26 P. (2d) 58.

The support statute which we just reviewed was repealed by 1941 Oregon Laws, chapter 408, which, in addition to effecting the repeal, authorized the circuit court to enter decrees for the separation of married persons from bed and board. The 1941 act, however, did not repeal §§ 63-216 to and including 63-218, O. C. L. A., which, as said in *Noble v. Noble,* 164 Or. 538, 103 P. (2d) 293, relate "to the same subject" as the repealed sections. We leave unmentioned the sections of our laws which authorize divorces a *vinculo matrimonii,* for they are not germane to this suit.

Permanent separation from bed and board under the 1941 act may be decreed if the wrongful spouse is guilty of adultery. Separation may be ordered for a limited or an unlimited period upon a finding of willful desertion, conviction of a felony, habitual gross

drunkenness or cruel treatment. The act authorizes the court to grant incidental relief, not only in the final decree, but also pendente lite. For instance, the final decree may include provisions for the custody of minor children and their maintenance, for the recovery from the party in fault of contributions for the support of the other, for the delivery to either party of personal effects in the possession of the other and for the appointment of trustees to collect and invest money decreed for the maintenance of either spouse. Another provision says:

> "Whenever a decree of permanent separation from bed and board shall have been granted, the party at whose prayer such decree shall have been granted in all cases shall be entitled to the undivided third part in his or her individual right in fee of the whole of the real property owned by the other at the time of such decree."

In order to avoid the use of misleading terms, we shall speak of proceedings instituted under § 63-212 as support-money proceedings, and of suits filed under the 1941 act as separation proceedings.

It will be observed that § 63-212 permitted a proceeding for support money to be instituted only by a wife, but the remedy afforded by the 1941 act is not restricted to her. It will further be observed from § 63-212 et seq. that those sections confined their remedy to an award of support money and, as already indicated, required the wife to submit no proof of delict upon her husband's part except (a) ability to provide support, and (b) neglect to do so. Upon the other hand, the 1941 act offers a remedy absent from § 63-212—separation—and embraces orders for support money as only ancillary. Still another difference between the two acts is the fact that a wife who sues

for separation must allege and prove that her husband was guilty of one or more of the delicts specified in the 1941 act.

■ Although the distinctions between the two acts of which we have taken note are important, we shall now mention another which is fundamental. An order for maintenance, entered pursuant to § 63-212, did not impair the marital relationship nor lessen in any degree the rights and duties resulting therefrom. Husband and wife could still cohabit. A decree entered under the 1941 act, upon the other hand, greatly impairs the marriage relationship. It is in the nature of a limited divorce. It is true that the 1941 act preserves the bonds of matrimony and does not remove the wedding ring from the finger where it was placed when the solemn vows were exchanged; but the ring, after the entry of a decree of separation a mensa et thoro, no longer is a token of plighted troth; after the entry of the decree it is a reminder of the restrictions which arise out of the marriage relationship. The decree withholds from the offending spouse rights which previously were his and releases the guiltless spouse from the performance of duties which previously were owed. The subject is discussed in Schouler, Marriage, Divorce, Separation and Domestic Relations, §§ 1341 and 1319; Nelson, Divorce and Annulment, 2d Ed., § 1.08; *Williams v. Williams*, 33 Ariz. 367, 265 P. 87, 61 A. L. R. 1264; 27 C. J. S., Divorce, §§ 1 and 17; and 17 Am. Jur., Divorce and Separation, §§ 2 and 4.

From the foregoing it is seen that § 63-212, prior to its repeal, authorized married women, whether with or without children, to institute proceedings for support money, but not until 1941 could a suit be maintained for separation from bed and board. Accordingly, when the respondent won her decree for support

money there was no statute under which she could have filed the suit now before us. In other words, at that time there was available to her no choice between a proceeding for support money and one for legal separation.

We now return directly to the contention that the decree entered in the support suit barred the respondent from instituting the separation suit. In her petition for support money, the respondent averred that "on or about the 28th day of December, 1937, the defendant deserted the plaintiff." Similar language appears in the complaint which instituted the suit now before us. That being true, the appellant argues that both cases were based upon charges of desertion. The quotation continues as follows:

"and since that date has failed, neglected and refused to provide for the plaintiff; * * * for a long period of time, the defendant abused the plaintiff, * * *. The defendant is a man of good earning ability, strong and healthy of body, and has an income from his employment at the Union Pacific Railroad Company, and from the conduct of an insurance business, in the average amount of $250.00 per month; * * *. The plaintiff has no property or income and is physically unable to work; that the plaintiff has no method or means with which to support herself; * * *."

The appellant denied all of the averments which we just quoted. The court, after hearing the evidence, made no findings but entered a decree ordering the appellant to pay toward his wife's support $50.00 monthly. Later, that amount was reduced to $10.00 per month.

█ Two or more actions based upon one or more like issues may be so similar in nature that a finding entered in the one first tried becomes res adjudicata

as to the like issue in the second case: *Faist v. Faist,* 147 Or. 623, 34 P. (2d) 937.

■ There are at least two reasons which demand a conclusion that even if a finding had been made in the support-money proceeding concerning desertion it would not bar the respondent from maintaining this suit. We shall now state the first of them.

■ Although the petition in the support-money proceeding alleged that the appellant deserted the respondent, it was wholly unnecessary for it to have done so, and the court was without jurisdiction to make a finding upon that subject. The proceeding authorized by §§ 63-212 et seq., O. C. L. A., was a statutory one and in conducting it the court had no power to determine issues not granted to it by §§ 63-212 to 63-216; *Garner v. Garner,* 182 Or. 547, 189 P. (2d) 397; *Howard v. Howard,* 164 Or. 689, 103 P. (2d) 756; *Noble v. Noble,* 164 Or. 538, 103 P. (2d) 293; and *State ex rel. v. Tolls,* 160 Or. 317, 85 P. (2d) 366, 119 A. L. R. 1370. Section 63-212 exacted neither an allegation nor proof that a husband against whom a wife was proceeding had deserted her. Whether or not a husband, recreant in his duty to support his wife, had deserted her was immaterial. If he had deserted her, the court could do nothing about it. Averments upon that subject, if made, were surplusage.

Section 2-721, O. C. L. A., says:

"That only is deemed to have been determined by a former judgment, decree, or order which appears upon its face to have been so determined, or which was actually and necessarily included therein or necessary thereto."

In *Gamble v. Menefee Lumber Co.,* 149 Or. 79, 39 P. (2d) 667, it is said:

"The question of plaintiff's damages was not

determined in the equity suit and could not have been determined therein. The plea of res judicata was properly denied: * * *.''

See, to like effect, 50 C. J. S., Judgments, page 222, § 731, and 30 Am. Jur., Judgments, page 940, § 201. In view of the fact that the circuit court, when it heard the respondent's application for support money, had no power to determine whether or not the appellant had deserted her, a finding upon that subject, even if one had been made, could not bar the respondent from prosecuting this suit.

We shall now state our second reason. Section 61, Restatement of the Law, Judgments, says:

"Where a judgment is rendered in favor of the plaintiff or where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action."

The following decisions of this court illustrate the application of that rule: *Faist v. Faist,* supra; *First National Bank of Burns v. Buckland,* 130 Or. 364, 280 P. 331; *Matlock v. Matlock,* 86 Or. 78, 167 P. 311; and *Glenn v. Savage,* 14 Or. 567, 13 P. 442.

The "transaction" which was the subject matter of the support proceeding was the appellant's willful failure to contribute to the respondent's support. The "transaction" which is the subject matter of the instant suit is the appellant's desertion of the respondent. The evidence which was needed to sustain this suit would have been immaterial in the former. It is clear that since the "transactions" in the two cases were different, no finding, general or special, concerning the delict made in the first case could bar this one.

We conclude, therefore, that any finding made in the support-money proceeding was immaterial to the charge of desertion, upon which the present suit is based.

■ Notwithstanding the fact that prior to 1939 the appellant had deserted his wife for longer than the statutory period, we do not believe that the suit begun by the wife in 1939 for support contributions barred her from instituting this one for separation from bed and board. In the first place, this suit and the one filed in 1939 are based upon different charges. See *State v. Vincent,* 152 Or. 205, 52 P. (2d) 203. Next, the remedy of support money and that of separation from bed and board were not concurrent in 1939. But, even if the bases of the two suits were the same, and even if the two remedies were concurrent, we would not believe that the remedies are inconsistent. They, manifestly, are dissimilar. In *Kunze v. Kunze,* 153 Minn. 5, 189 N. W. 447, 25 A. L. R. 1045, it is said:

"The question whether such a decree is a bar to divorce on the same ground has not been decided in this state, but, in the jurisdictions where it has arisen the holding has generally been that a decree of separation is not a bar to divorce on the same ground; that the two remedies are not inconsistent and the doctrine of election does not apply; that the two have different objects and effect, one is in a sense ancillary to the other, the cause of action is not the same, and there is therefore no merger of the cause of action. Geils v. Geils, 1 Macqueens App. Cas. 255; Allison v. Catley, 11 Scot. Jur. 529; Green v. Green, Law Rep. 3 Prob. and Div. 121; Murdock v. Murdock, 148 App. Div. 564, 132 N. Y. Supp. 964; Driver v. Driver, 24 Pa. Dist. R. 250. We adopt this rule."

See, to the same effect, *Tremarco v. Tremarco,* 117 N. J.

Eq. 50, 174 A. 898, 95 A. L. R. 231 (annotated), and Nelson, Divorce and Annulment, 2d Ed., § 32.46. We are satisfied that the respondent's successful maintenance of the suit for support money did not preclude her from filing this one.

We find no merit in the first assignment of error.

We come now to the second assignment of error, which is based upon a contention that the circuit court erred when it deemed void the divorce decree which was granted to the appellant April 17, 1945, by the Nevada court. In presenting that contention, the appellant argues that since 1941 Oregon Laws, chapter 408, which confers upon the circuit court jurisdiction to grant legal separations, does not expressly invest the court with power to declare void a divorce decree previously procured by one of the spouses, the court, in entering the decree attacked by this appeal, had no jurisdiction to declare the Nevada decree void.

■ The circuit court, upon which the 1941 act conferred jurisdiction to grant legal separations, is a court of general jurisdiction and is possessed of the judicial power mentioned in Original Article VII, Section 9, Constitution of Oregon. Section 13-715, O. C. L. A., says:

> "When jurisdiction is by the organic law of this state, or by this Code or any other statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; * * *."

When the legislature creates a new right and renders available a remedy for the infraction of the right, or when legislation creates an additional remedy for the transgression of an existing right, § 13-715, just quoted, invests the court to which jurisdiction is given over the subject of the new legislation with all judicial power

essential to carry into effect the legislative purpose in adopting the new act. The latter need not say that the court shall have power to dispose of defenses submitted by those who are charged with violation of the act. The power to hear and dispose of defenses is implied. Section 88, page 136, of 21 C. J. S., Courts, says:

"A grant of jurisdiction implies the necessary and usual incidental powers essential to effectuate it, and every regularly constituted court has power to do all things reasonably necessary for the administration of justice within the scope of its jurisdiction, and for the enforcement of its judgment and mandates, even though the court may thus be called upon to decide matters which would not be within its cognizance as original causes of action."

See also 14 Am. Jur., Courts, page 278, § 50. *Fried v. Fried,* 99 N. J. Eq. 106, 132 Atl. 674, in which the defendant presented the same contention urged by this appellant, is an illustration of the application of the principle to which we have been adverting. In that decision it is stated:

"Having thus jurisdiction of the main cause, this court has also jurisdiction of the secondary question as to the validity of the Illinois decree interposed as a defense. Fairchild v. Fairchild, 34 A. 10, 53 N. J. Eq. 678, 51 Am. St. Rep. 650; Floyd v. Floyd, supra."

See also *Maley v. Pennsylvania Railroad Company,* 258 Pa. 73, 101 Atl. 911, L. R. A. 1918A 563.

■ We are satisfied that when one against whom another is seeking a decree for support money, a separation, or a divorce claims that he is not the husband of the plaintiff, the court has power to determine the truth of the denial. In order to authorize the court to conduct the inquiry, no express grant of power is essential; the grant of power is implied.

The respondent's complaint did not ignore the Nevada decree and depend upon the appellant to allege it in his answer; to the contrary, the complaint mentioned the Nevada decree and the manner in which it was procured. It charged (1) that when the appellant instituted the Nevada proceedings for a divorce he was domiciled in this state; (2) that his averment in the Nevada complaint that he was domiciled in Nevada was false; (3) that the Nevada suit was filed "for the sole purpose of circumventing the laws of the state of Oregon"; (4) that the respondent "was not served with any process within the State of Nevada but in the State of Oregon"; and (5) that the respondent "did not appear in the suit or submit to the jurisdiction of the court." The answer filed by the appellant (in this suit) admitted that the appellant procured the Nevada decree and also admitted "that the defendant in said suit was not served with process in the State of Nevada but in the state of Oregon"; and (5) that the respondent "did not appear in the suit or submit to the jurisdiction of the court." The answer filed by the appellant (in this suit) admitted that the appellant procured the Nevada decree and also admitted "that the defendant in said suit was not served with process in the State of Nevada, but in the State of Oregon, and that she did not appear therein and that on or about the 17th day of April, 1945, a default decree was entered therein."

The appellant moved in the circuit court for an order striking from the complaint the averments concerning the Nevada divorce. The motion was denied. The problem of· pleading is not within the scope of the assignments of error, and the sole issue before us is whether or not the circuit court had jurisdiction to inquire into the validity of the Nevada decree. We

observe that *Mascola v. Mascola,* 134 N. J. Eq. 48, 33 Atl. 2d 864, *Feickert v. Feickert,* 98 N. J. Eq. 444, 131 Atl. 576, and *Shapiro v. Shapiro,* 13 N. J. Misc. 788, 180 Atl. 434, sustained the course of pleading which the respondent pursued.

 It is essential to the validity of a divorce decree that at least one of the parties had a domicile in the state which granted the decree: *Williams v. North Carolina* (II), 325 U. S. 226, 89 L. Ed. 1577, 65 S. Ct. 1092; *Zimmerman v. Zimmerman,* 175 Or. 585, 155 P. (2d) 293. *Williams v. North Carolina* (II), *Kiessenbeck v. Kiessenbeck,* 145 Or. 82, 26 P. (2d) 58, *Stimson v. Stimson,* 140 Or. 507, 13 P. (2d) 368, *Foshier v. Narver,* 24 Or. 441, 34 P. 21, and Nelson, Divorce and Annulment, 2d Ed., § 33.68, make it clear that Article IV, Section 1, United States Constitution, does not preclude the courts of this state from impeaching the Nevada decree upon becoming satisfied that the appellant had not established a domicile in Nevada.

██ The evidence shows that when the appellant went to Nevada January 15, 1945, he retained the apartment in Portland which he had been occupying and kept the job with the Union Pacific Railroad Company in Portland which he had held for many years. He traveled to Nevada upon a pass issued to him by his employer. He also retained in Portland an insurance business he owned and which he operated in part through an employee. On his journey to Nevada he took with him only the few personal belongings which he needed most and left the rest in his apartment. January 17, 1945, he reached Reno and at once engaged the services of the attorney who shortly filed the suit for a divorce. While in Nevada he occupied a furnished room in a residence. April 17 he was granted a divorce and returned at once to Portland. In Port-

land he resumed the occupancy of his apartment, returned to his job and took up again the management of his insurance business. At the time of the trial he was occupying the same apartment, pursuing the same employment and managing the same insurance business. He had not returned to Nevada. The evidence shows that during his stay in Nevada he maintained his registration in this state as a voter and in the next election cast a ballot.

In *Reed's Will*, 48 Or. 500, 87 P. 763, 9 L. R. A., N. S. 1159, this court said:

> "To constitute a change of domicile three things are essential: (1) residence in another place; (2) an intention to abandon the old domicile; and (3) an intention of acquiring a new one."

We are satisfied that the appellant had no intention of abandoning his Oregon domicile and of acquiring a new one in Nevada. Based upon the legal principles which we have already stated, the Nevada decree is void.

The second assignment of error, in our opinion, is without merit.

■ The above disposes of both assignments of error. The attacked decree is free from error. The order entered in the support-money proceeding, after its subsequent modification, awarded to the respondent $10.00 monthly support money. The decree which we are now affirming also awards her $10.00 monthly support money. We do not believe that it was intended that she should have both of these awards. Accordingly, when this cause is remanded, the circuit court will terminate the support money awarded by the decree of October 26, 1939, provided there are no arrears under that decree. If there are arrears, the order may

be terminated after all payments required by it have been fully discharged.

The decree of the circuit court is affirmed and the cause is remanded for the single purpose expressed in the preceding paragraph.

HAY, J., did not participate in this decision.