Decided 20 June, 1904.

### GENTRY *v.* PACIFIC LIVESTOCK CO.

[77 Pac. 115.]

EQUITY—DECREE ON APPEAL—RES JUDICATA.

1. Under B. & C. Comp. § 406, providing that, on an appeal from a decree in equity, the case shall be tried *de novo* and a final decree entered by the appellate court, without reference to the findings of fact or conclusions of law of the trial court, the rights of the parties and the questions adjudicated must in subsequent litigation be ascertained from the decree on appeal, and not from that of the court below.

EQUITY CASES ON APPEAL—VALUE OF FINDINGS AND CONCLUSIONS.

2. In equity under the Oregon practice as prescribed by Sections 406 and 555, B. & C. Comp., a suit is tried anew on appeal on the transcript and evidence, without reference to the findings or conclusions of the trial court, the appeal being from the decree.

RES JUDICATA.

3. A suit or judgment between parties upon a different claim from one in question is an estoppel as to those matters only that were formerly actually determined.

This rule is thus illustrated: Plaintiff sued to enjoin defendant from trespassing on or interfering with its possession of certain land, alleging that defendant went into possession as the agent and servant of plaintiff and afterwards wrongfully took possession in his own behalf. The trial court issued a preliminary injunction, but on trial found that, when defendant entered on the land, it was unsurveyed public land which he intended to enter as a homestead, and that, though the entry was by the advice of plaintiff, it was not under any contract with it, and that defendant did not hold possession for plaintiff's benefit, or as its agent or employé. A decree was entered dismissing the suit and vacating the preliminary injunction. On appeal the court found that there was no error, and decreed that the decree below be affirmed, the temporary injunction dissolved, and the suit dismissed. The opinion rendered showed that the supreme court concluded that the defendant did enter into possession under the contract alleged in the complaint, but was of the opinion that this contract was illegal and void, and the decree below was affirmed on this ground. *Held* that, as affirmance of the trial court's decree did not involve approval of its conclusions of fact, the decree on appeal was not *res judicata* as to defendant's right to recover from plaintiff the value of hay cut from the premises by plaintiff during the pendency of the preliminary injunction.

SOURCE OF POWER OF ESTOPPEL BY JUDGMENT.

4. Though, generally speaking, the force of an estoppel by judgment may be said to reside in the decree and not in the reasons for it, still, if the decree relied upon is ambiguous, the opinion given in connection with it may be examined to determine just what was decided, in considering the effect of the decree as

*res judicata*: for instance, a decree on appeal in a suit in equity that the decree of the lower court be affirmed, and that appellant is not entitled to the relief prayed for, and that the complaint is without merit and should be dismissed and a temporary injunction issued by the court below dissolved, is ambiguous, so as to justify examination of the opinion to determine what point was actually decided.

From Malheur: MORTON D. CLIFFORD, Judge.

Action by James Gentry against the Pacific Livestock Company, resulting in a judgment as prayed for, from which defendant appeals.    REVERSED.

For appellant there was a brief and an oral argument by *Mr. John L. Rand.*

For respondent there was a brief over the name of *Biggs & Biggs* with an oral argument by *Mr. Dalton Biggs.*

MR. JUSTICE BEAN delivered the opinion of the court.

In June, 1899, the Pacific Livestock Company commenced a suit in equity in the circuit court for Malheur County against James Gentry to enjoin and restrain him from trespassing on or interfering with its possession of certain real property in that county, known as the "Rinehart Springs Ranch." In its complaint it alleged, in substance, that it was the owner in fee and entitled to the immediate possession of the property in question; that in 1895 it employed the defendant to reside upon and care for the property, cultivate and harvest the hay crop growing and to be grown thereon, to keep the place in repair, and generally to do any and all things needful and necessary to protect its possession and enjoyment thereof; that, in pursuance of such employment, Gentry went into possession as its agent and servant, and so remained until 1898, when he wrongfully and unlawfully, and in violation of his contract, pretended to take possession of the property in his own behalf, ousted the servants and employés of the livestock company, and threatened to appropriate to his own use large quantities of hay and grain

growing thereon, its property.  Gentry, for his answer,
denied all the allegations of the complaint, except his
possession of the property, and for an affirmative defense
alleged that in October, 1894, the land in controversy was
unsurveyed public land of the United States; that he
settled upon the same with the intention of entering it
under the homestead law, as soon as it should be sur-
veyed, and had ever since continued to reside upon, culti-
vate, and improve the same.  The reply put in issue the
new matter in the answer, and upon the trial the court
found that on or about October 21, 1894, Gentry, with the
consent and by the advice. of the livestock company,
settled upon the land in controversy, which was then
unsurveyed public land of the United States, with the in-
tention of entering it as a homestead; that at the time of
his settlement an oral agreement was entered into by and
between him and the livestock company, whereby he
promised and agreed to harvest and put up the hay grow-
ing and raised annually on the land, and deliver the same
to the company, and to establish and maintain a camp or
stopping place for the accommodation and board of its
employés and for the feeding of its cattle, in consideration .
of which it was to pay him $25 a month and supply him
with all necessary tools, machinery, labor, etc.; that
Gentry did not enter into possession of the premises
under or by virtue of any contract with or employment
by the livestock company, and did not hold possession
for its benefit or as its agent or employé; that it was not
the owner or entitled to the possession of the property;
that ever since October, 1894, except when prevented by
the preliminary injunction, Gentry occupied and culti-
vated the land, with the intention of entering the same
under the homestead law, and made valuable improve-
ments thereon.  As conclusions of law the court found
that Gentry was entitled to the exclusive possession of

the property and that plaintiff's complaint should be dismissed. A decree was thereupon entered, ordering and adjudging that plaintiff's complaint, "filed herein, be, and the same is hereby, dismissed, and that the temporary injunction existing herein against the defendant be, and the same is hereby,. dissolved and vacated."

From this decree an appeal was taken, and on a trial *de novo* this court found that there was "not error as alleged," and "considered, ordered, and decreed that the decree in this cause in the court below rendered be, and the same hereby is, in all things affirmed ; and, it appearing to the court and the court further finding that the appellant is not entitled to the relief prayed for, or any part thereof, and that the complaint herein is without merit and should be dismissed, and the temporary injunction issued by the court below dissolved, it is now therefore further ordered and decreed that the complaint herein be, and the same is hereby, dismissed, and the temporary injunction issued by the court below dissolved and vacated." Thereafter Gentry commenced this action against the livestock company to recover the value of the hay taken by it from the premises in controversy after the issuing of the preliminary injunction. The court below held that the decree in the equity suit was a conclusive adjudication in favor of Gentry as to his right to the possession of the property and to the hay sued for, and that the only issue for trial was the question of value.

1. Under our statute, on an appeal from a decree in a suit in equity, the case is tried *de novo*, and a final decree entered by the appellate court, without reference to the findings of fact or conclusions of law of the trial court: B. & C. Comp. §§ 406, 555. The rights of the parties and the questions adjudicated must therefore be ascertained from the decree on appeal, and not from that of the court below.

2. The statute requires the trial court, in rendering its decision in an equity suit, to set out in writing its findings of fact and conclusions of law. Such findings of fact and conclusions of law, however, must be separate from the decree, filed with the clerk, and incorporated in the judgment roll. They are to have the force and effect of, and to be equally conclusive as, the verdict of a jury in an action at law, "except on appeal to the supreme court the cause shall be tried anew without reference to such findings": B. & C. Comp. § 406. Under this statute and Section 555, B. & C. Comp., a suit in equity is tried in this court upon the transcript and evidence accompanying it, without reference to the findings of fact or conclusions of law of the trial court, and they form no part of the decree, unless incorporated therein or made a part thereof by appropriate reference. The appeal in an equity suit is from the decree, which is required to be separate from the findings of fact and conclusions of law.

3. In the suit of *Pacific Livestock Co. v. Gentry*, 38 Or. 275 (61 Pac. 422, 65 Pac. 597), the decree of the court dismissing the complaint was affirmed, not the findings of fact upon which the decree was based, which were not incorporated in or made a part of the decree, and therefore were in no way approved or affirmed. Indeed, the opinion shows that this court did not agree with the trial court's construction of the evidence. Instead, it concluded that Gentry entered into possession of the property under the contract as alleged in the complaint, but that such contract was illegal and void, and the court would refuse to enforce it, because both parties contemplated the acquisition of the title to public land in violation of the laws of the United States. The decree was a final adjudication as to the right of the company to maintain the suit, and is a bar to a subsequent prosecution of another suit by it against Gentry upon the claim or de-

mand. In an action between the same parties upon a different claim or demand, however, it can operate as a bar or estoppel only as to matters in issue and which were actually litigated and determined: *La Follett* v. *Mitchell*, 42 Or. 465 (69 Pac. 916, 95 Am. St. Rep. 780); *Cromwell* v. *County of Sac*, 94 U. S. 351. Neither the title to the hay grown on the disputed premises nor the question of the rights of the respective parties thereto was in issue on the former suit, or litigated or determined thereby. The only question was the right of the livestock company to enjoin and restrain Gentry from violating the contract alleged in the complaint, and from trespassing on the premises and interfering. with its possession and right thereto. The plaintiff was denied the relief sought, not because the contract was not made as averred, but because it was against public policy and good.morals. The court refused to enforce the contract because of its illegality, and dismissed the suit, without determining any other issue in the case. It is true the decree itself is silent as to the ground upon which it was rendered, but resort may be had to other parts of the record to ascertain that point. As a general rule, an estoppel by judgment resides in the judgment itself, and not in the reason for rendering it, and, when the decree is definite and certain, the opinion of the court cannot be used to show what matters were considered or determined: 1 Van Fleet, Former Adjudication, § 278. Where, however, the decree is ambiguous, as in this case, or fails to show upon which of several issues it is founded, the opinion may, we think, be examined to determine what point was actually decided: *Strong* v. *Grant*, 2 Mackey, 218; *Pepper* v. *Donnelly*, 87 Ky. 259 (8 S. W. 441); *Legrand* v. *Rixey's Adm'r*, 83 Va. 862 (3 S. E. 864).

It follows that the judgment of the court below must be reversed, and a new trial ordered.    REVERSED.