Argued at Pendleton October 25, affirmed November 30, 1920.

## UNITED STATES NAT. BANK v. SHEHAN.

(193 Pac. 658.)

**Mortgages—Decision for Defendant in Foreclosure Held Conclusive Against Claim of Money had and Received by Defendant.**

1. Where complaint in foreclosure suit, in addition to setting forth the power of attorney under which note and mortgage were executed, clearly insufficient therefor, alleged, to show ratification of the agent's act in borrowing the money and executing the note and mortgage, that the money was applied to defendant's use and benefit, all of which benefits she accepted and retained, and the court found the equities to be with defendant, such decision was *res judicata* of plaintiff's claim, sought to be enforced in a subsequent suit, that defendant was liable for the money advanced on the note and mortgage as for money had and received.

**Judgment—Opinion Looked to, to Determine Matters Concluded.**

2. Where there was only a general finding, recourse may be had to the court's opinion to show what was actually decided, relative to the question of the matters as to which the decree is *res judicata*.

**Judgment—Conclusive on Matters in Issue.**

3. A fact properly in issue, and necessary to the determination of the case, is by the decree on the equities concluded from re-examination in a subsequent suit or action between the parties.

**Judgment—Conclusive Irrespective of Form of Action.**

4. Relative to a fact in issue, and necessary to the determination of the case, being finally concluded by the decision, as between the parties, it is immaterial that the form of action differs, as that the first is a suit to foreclose a mortgage, and the second an action for money had and received.

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is an action for money had and received. The complaint alleges, substantially, that on September 6,

---

On resort to record or other evidence to determine matters concluded by judgment, see note in 44 **Am. St. Rep.** 562.

On application of doctrine of *res judicata* to issues in action as to which judgment is silent, see note in 6 **Ann. Cas.** 104.

1910, defendant had and received from one Harry R. Garrett $5,000, which she then and there undertook and agreed to pay to the order of said Garrett one year after date, with 6 per cent interest; that said money was so had and received through defendant's agent, Charles E. Herron; that on September 6, 1910, Garrett assigned to plaintiff his interest in said money and claim therefor; that plaintiff is now the owner thereof; and that on September 1, 1911, plaintiff gave defendant notice of such assignment, and demanded payment, which was refused.

Defendant answered, denying every allegation of the complaint except the corporate existence of plaintiff, and for a further and separate defense pleaded as an estoppel and in bar of the present action the judgment of this court in the case of *United States Nat. Bank* v. *Herron,* reported in 73 Or. 391 (144 Pac. 661, L. R. A. 1916C, 125), attaching as exhibits to such answer copies of the complaint, answer, findings, decree and judgment on the mandate in the case last mentioned.

A general demurrer to the answer being overruled, plaintiff filed a reply, first putting at issue all the affirmative matter in the answer, and for a further and separate reply alleging:

''That the suit referred to in defendant's answer herein was, as to this defendant, a suit brought to foreclose a lien alleged to have been created by her by a certain mortgage alleged to have been executed by one Charles E. Herron as her attorney in fact and by virtue of a grant of power theretofore given him by defendant here, and was not a suit or action against this defendant to obtain a judgment at law or otherwise against her, nor to obtain any personal judgment whatever against her, except such as could be based upon her written contract.

"That plaintiff's right to foreclose in said suit against this defendant was wholly dependent upon the issue therein as to whether or not the written contract as expressed in two certain notes and the mortgage given to secure them was her 'deed,' and she contended therein only that the written contract exceeded the grant of power conferred, and for that reason she was not bound, and plaintiff for the purpose of showing that this defendant was bound thereby notwithstanding her agent may have exceeded his authority, set forth and alleged the facts shown by paragraph XVI of its amended complaint therein as set forth in paragraph 4 of her answer herein and so shown by her Exhibit A attached to said answer.

"That in the suit referred to in the answer of defendant, it was not determined or decided as a matter of law or fact that the defendant was not indebted to plaintiff for money had and received to her use and benefit, and such cause of action, and the facts upon which it is or may be based, have never been determined in the suit referred to, nor in any suit or action, it having been only held in said suit that the defendant did not authorize the execution of the notes and mortgage referred to in the answer, and did not subsequently ratify the execution thereof. That plaintiff's cause of action herein is not based upon any note or mortgage, but is solely for the purpose of recovering moneys advanced by plaintiff for the use and benefit of defendant, which in law and equity she ought to repay."

By agreement of the parties the case was tried by the court without a jury, and on August 11, 1919, the court made its findings of fact and conclusions of law in favor of the defendant. It found in effect that the plaintiff was barred and estopped from prosecuting this action by the judgment in *United States Nat. Bank* v. *Herron,* 73 Or. 391 (144 Pac. 661, L. R. A. 1916C, 125); further, that defendant did not receive the $5,000 mentioned in plaintiff's complaint; and

that .she had never received any benefit from said sum, or any part thereof, or promised to pay the same. It was also adjudged that said sum was not had or received from Harry R. Garrett by or through Charles E. Herron as agent for the defendant, and that plaintiff's claim was not enforceable against defendant. A general judgment was entered in favor of defendant, from which judgment plaintiff appeals.

*AFFIRMED.*

For appellant there was a brief over the names of *Mr. J. W. McCulloch* and *Mr. W. W. Wood,* with an oral argument by *Mr. McCulloch.*

For respondent there was a brief over the names of *Mr. W. H. Brooke* and *Mr. R. W. Swagler,* with an oral argument by *Mr. Brooke.*

McBRIDE, C. J.—1. If our decision in the case of *United States Nat. Bank* v. *Herron* is *res adjudicata* as to plaintiff's claim here, then the judgment in the case at bar must be affirmed. We are of the opinion that it is a bar.

For a general statement of the pleadings and facts urged in the case of *United States Nat. Bank* v. *Herron,* reference is made to the majority and dissenting opinions therein. To make the matter clear it may be added that the complaint in that case set forth as an exhibit the power of attorney upon which Herron proposed to act in borrowing the money, which power this court held to be insufficient to authorize him to borrow the money upon the terms which he did. That this view might be taken by the court trying the case, from a mere inspection of the complaint and exhibits, namely, the notes, mortgage, and power of attorney, must have been in the mind

of the astute pleader who drew the complaint in that case, and the pleading was therefore reinforced by the following allegation:

"That said notes and mortgage were given to secure a loan of five thousand dollars which sum in cash, lawful money of the United States of America, was on the execution and delivery of said instruments paid over to the said Charles E. Herron, and the whole thereof was thereupon by said Herron applied wholly to the use and benefit of the defendant Catherine L. Shehan, by investments in her business pursuits and to the payment of her just debts and liabilities, all in Malheur County, Oregon, all of which benefits she, the defendant Shehan, then and there accepted and retained, and she does now still have and retain the same."

The view taken by this court was substantially that the mortgage and notes tried by the standard of the power of attorney pleaded in the complaint were beyond the authority of the agent to execute, and in that view, had it not been for the additional allegation that defendant Shehan had actually received and had the benefit of the money, we should have been compelled to hold that the complaint in that case did not state facts sufficient to constitute a cause of suit. It goes without saying that if Herron, as agent for Mrs. Shehan, had exceeded his authority in the manner in which he borrowed the money from Garrett, and yet in spite of that want of authority Mrs. Shehan had received the money and used it, these would have been such acts as would have cured the original lack of authority in Herron, and rendered the notes and mortgage enforceable, and would have authorized this court to enter a decree foreclosing the mortgage. The allegation quoted was therefore not only proper, but necessary to plaintiff's cause of suit, and, being controverted, its truth or falsity was clearly put in

issue; and the determination as between these parties would be final in any tribunal wherein it might thereafter arise.

To put the argument more clearly: This court could not have found, as it did in the foreclosure suit, that the equities were with the defendant, Shehan, without finding in fact that the allegation above quoted was not sustained by the evidence. We could not have found that the equities were with the defendant, Shehan, if we had found in fact that she had received and had the benefit of the money obtained by Herron from Garrett. Practically, this was the main point in dispute outside of the question of the validity of the power of attorney to authorize the borrowing of the money upon the terms upon which the loan was effected.

That the allegation in question entered largely into the determination of the former case is indicated in both the majority opinion rendered by Justice RAMSEY and in the minority opinion by Justice BEAN, Justice RAMSEY holding, in substance, that the notes and mortgage in suit were beyond the power of Herron to execute, and that there was no evidence that Mrs. Shehan had ever received the money, or that it had been expended for her benefit, and Justice BEAN contending that Herron had acted within his authority in executing them, and alternatively that, even if such were not the case, the evidence indicated that she had the benefit of the money obtained by the loan. The dissenting opinion concludes thus:

"Viewing the transaction as delineated by the documents and evidence contained in the record, we think that any departure from the terms of the power of attorney, in the execution thereof, was impliedly ratified by Mrs. Shehan. The plaintiff's witnesses have given their version of the important dealings, and,

if their theory or delineation was incorrect, it was incumbent upon the defendants to explain or show wherein the evidence of plaintiff was wrong. The equities are with the plaintiff. The judgment of the lower court should be affirmed.''

2–4. We have referred to the opinion in the case because no findings were specifically made beyond the general one that ''the equities are with the defendants,'' and in such cases the court may have recourse to the opinion to show what actually was decided: *Gentry* v. *Pacific Livestock Co.*, 45 Or. 233 (77 Pac. 115). But beyond this we take it that the rule is firmly established that a fact properly in issue between parties, necessary to the determination of the case, will be finally concluded from re-examination in any subsequent suit or action between the same parties: Freeman on Judgments (4 ed.), § 249, p. 441 et seq.; and authorities there cited; *Underwood* v. *French*, 6 Or. 67 (25 Am. Rep. 500); *Barrett* v. *Failing*, 8 Or. 152; *Glenn* v. *Savage*, 14 Or. 567 (13 Pac. 442); *Applegate* v. *Dowell*, 15 Or. 513 (16 Pac. 651); *La Follett* v. *Mitchell*, 42 Or. 465 (69 Pac. 916, 95 Am. St. Rep. 780); *Caseday* v. *Lindstrom*, 44 Or. 309, 315 (75 Pac. 222); *Wales* v. *Lyon*, 2 Mich. 276; *King* v. *Chase*, 15 N. H. 9 (41 Am. Dec. 675). Nor is the form in which the subsequent action is prosecuted material. It would be intolerable if a party, having chosen his forum and presented an issue for trial, should be permitted after defeat, by simply changing the form of his action, to relitigate the same matter in a new form of action: *Simpson* v. *Hart*, 1 Johns. Ch. (N. Y.) 91; *Putnam* v. *Clark*, 34 N. J. Eq. 532; *Phillips* v. *Pullen*, 45 N. J. Eq. 830 (18 Atl. 849).

The contention that plaintiff could not have recovered in the former suit on the ground that de-

fendant had actually received and used the money is plausible, but unsound. If she had so received and used the money, the court would have been compelled to hold that she had thereby ratified the act of Herron in borrowing it and executing the mortgages, and, as she was subject to the jurisdiction of the court by her answer, a decree could have been rendered, foreclosing plaintiff's mortgage, with a subsequent judgment against defendant *in personam* for any deficiency that might exist after sale of the mortgaged premises.

As before intimated, the allegation quoted was the only thing that would have prevented plaintiff's case from being dismissed on a general demurrer, as the pleadings themselves showed that the notes and mortgage were executed without authority. The conclusion here reached necessarily results in the affirmance of the judgment of the Circuit Court and renders it unnecessary to consider the objections raised by counsel to the admission of certain depositions offered by defendant.

The judgment is affirmed.　　　　　AFFIRMED.