Argued June 22; affirmed July 24, 1934

## FAIST *v.* FAIST
(34 P. (2d) 937)

*Custer E. Ross,* of Salem (Guy O. Smith, of Salem, on the brief), for appellant.

*W. C. Winslow,* of Salem, for respondent.

BAILEY, J.  In March, 1933, the plaintiff applied to the circuit court of the state of Oregon for Marion county for an order upon her husband to provide support for herself and her minor child.  In her petition she alleged that she and the defendant were married

in February, 1903, and the issue of said marriage was four children, all of whom are of age except the youngest, aged 14 years; and that plaintiff was and for more than a year last past had been a resident of Marion county, Oregon. Paragraph IV of the complaint is as follows:

"That plaintiff and defendant are not living together as husband and wife but that the failure of plaintiff to live with defendant as his said wife is due to no fault of plaintifff but to the fault of defendant. That said matter has been adjudicated as follows:

"That heretofore defendant herein commenced a suit against this plaintiff for divorce on the ground of desertion by filing his duly verified complaint in the circuit court of the state of Oregon for Marion county, department No. 2 thereof, wherein the said defendant alleged that plaintiff had deserted the plaintiff therein, defendant herein, and continued to desert and remain away and apart from the said defendant herein, plaintiff therein, voluntarily, wilfully, and without any cause or provocation therefor, for a period greatly in excess of one year; and in said complaint the said defendant herein, plaintiff therein, alleged the other jurisdictional matters so as to entitle the said defendant herein, plaintiff therein, to a divorce, if the said allegation with reference to this plaintiff's desertion could be established. Thereafterwards this plaintiff filed her answer to said complaint, denying said charges of desertion. Thereafter said matter came on for hearing before the late Gale S. Hill, then judge of said court. After a trial thereof a decree was entered dismissing said complaint and holding that plaintiff [herein] was justified in leaving the house and domicile of defendant and that said leaving did not constitute desertion."

The plaintiff then alleges that the defendant had failed, neglected and refused to support plaintiff or

said minor child, with the exception that he had been contributing the sum of $7.50 monthly, which was wholly inadequate. Plaintiff further avers that the defendant has recently inherited a large sum, in cash and property, which plaintiff believes to exceed $6,000. After setting forth other matters not here necessary to mention, plaintiff prays for an order requiring defendant to pay to the clerk of the court the sum of $5,000 for the support of plaintiff and her minor child.

The defendant answered, admitting the marital status of plaintiff and defendant, the allegations relating to their children, and that plaintiff was and for more than a year last past had been a resident of Marion county. He further admitted the commencement of a suit for divorce by him, and the hearing of said matter, but denied all the other allegations of the complaint.

The circuit court entered a decree requiring defendant to pay to the plaintiff, for the separate support and maintenance of plaintiff and her minor child, the sum of $2,000, a certain amount for attorney's fees, and costs. From this decree the defendant has appealed.

Following are the three grounds of error assigned by defendant on this appeal: (1) That the allegations of the complaint are insufficient as a plea of former adjudication of plaintiff's justification for living apart from her husband; (2) that the decree in the divorce proceedings does not show that the question of plaintiff's justification for living apart was adjudicated; and (3) that the separation of plaintiff from the defendant was of her own volition and not caused by defendant's conduct.

At the trial of the cause the plaintiff introduced certified copies of the complaint, answer and decree in the suit instituted against her by her husband in 1931 for a divorce. The only ground of complaint stated in the divorce suit was that the defendant therein, plaintiff here, had, more than a year prior to the filing of that suit, "wilfully and without cause or reason, deserted and abandoned the plaintiff, and said defendant ever since said date has, and does now, wilfully and without cause or reason, continue to desert and abandon the plaintiff and to live separate and apart from him, wholly against his will and without his consent". The answer denied the allegation of desertion and abandonment and prayed for a decree dismissing plaintiff's suit. The decree in the case recites that both the plaintiff and the defendant personally appeared and were represented by counsel at the trial and that after hearing the testimony the court decreed that the suit be dismissed and that defendant therein recover her costs and disbursements.

There was introduced in evidence in the case at bar the opinion of the trial judge rendered in the divorce proceedings, in which, after referring to certain conduct on the part of Mr. Faist in associating continuously with a woman there named, and stating what a wife had a right to demand of her husband in the matter of propriety, said: "In the light of this testimony * * * I don't think Mrs. Faist there could be expected to live with him under those circumstances and if she went away and stayed apart she did what any normal woman would have the right to do and should do. The order of the court will be that the complaint be dismissed."

The record discloses that ever since plaintiff left the defendant she has been living separate and apart

from him and that the defendant has, during a large part of the time, often by order of the court, contributed to the support of plaintiff and her minor child.

■ The appellant contends that the allegations of the complaint are insufficient to serve as a basis for admitting in evidence the proceedings in the divorce suit, in that the complaint does not state that the decree in said suit had been "duly" given or made, and in support of this proposition refers to § 1-804, Oregon Code 1930, and decisions relating to judgments of inferior courts. The section of the code on which counsel for appellant rely applies only to courts of limited and special jurisdiction: *Crocker v. Russell,* 133 Or. 213 (287 P. 224); and it was not necessary to allege that the decree was "duly" given or made: *Rutenic v. Hamakar,* 40 Or. 444 (67 P. 196). The allegations referred to were sufficient to describe the divorce proceedings and to meet the requirements of a plea of former adjudication, especially when not questioned by motion to make more definite and certain, or by demurrer.

The question involved in the divorce proceeding was whether or not the defendant therein had deserted the plaintiff wilfully and without cause or provocation, and, if such desertion were proved, whether or not it had continued for a year or more. In order to be entitled to a decree it was necessary for plaintiff therein to prove both of those elements of the offense charged. The decree, however, as entered therein did not state the grounds on which it was based, and therefore it was proper to examine the opinion of the trial court, to determine the issues which were therein decided: *Gentry v. Pacific Livestock Co.,* 45 Or. 233 (77 P. 115); *United States National Bank v. Shehan,*

98 Or. 155 (193 P. 658). By examining the entire record in the divorce case, including the opinion of the trial judge, we find that the circuit court decided in that proceeding that the defendant therein had just cause for leaving the plaintiff, defendant herein, and continuing to live apart from him.

Suits for divorce and those for separate maintenance are proceedings which have a direct and intimate relation with each other. Therefore, issues which have been determined in a divorce suit can not be reopened in a subsequent proceeding for separate maintenance between the same parties, or *vice versa: Matlock v. Matlock,* 86 Or. 78 (167 P. 311); 2 Freeman on Judgments (5th Ed.) § 909; 34 C. J., § 1289.

The decree here appealed from is affirmed.

RAND, C. J., and BEAN and CAMPBELL, JJ., concur.