Argued February 16; affirmed March 30; rehearing denied
May 18, 1943

EMERICK ET UX. *v.* EMERICK ET UX.

(135 P. (2d) 802)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY and BRAND, Associate Justices.

*Gus Newbury,* of Medford, for appellants.

*W. E. Phipps,* of Medford, for respondents.

BAILEY, C. J. This case is here on appeal by the defendants, F. T. Emerick and Mattie Emerick, husband and wife, from a judgment entered against them and in favor of the plaintiffs, Myrton J. Emerick and Bessie Emerick, husband and wife, for $700, together with interest and attorney's fees, based on a promissory note.

The complaint is in the usual form for actions on promissory notes. The defendants in their answer admit the execution and delivery of the note, but seek to prevent recovery thereon by the plaintiffs on two grounds, (1) payment of the note by the defendants, and (2) adjudication in a previous suit that the note had been paid.

These defenses are set forth in two separate and affirmative answers. The first such answer alleges the execution of the note on October 17, 1935, and further avers that during the year 1937 the defendant F. T. Emerick and other named individuals were the owners of an undivided two-thirds interest in two lots in Beatty's addition to the city of Medford and the plaintiff Myrton J. Emerick was the owner of the remaining undivided one-third interest; that such real property was sold by the owners thereof for $1,800; and that the $1,200 received by the owners of the undivided two-thirds interest as payment therefor was by them paid to the plaintiff Myrton J. Emerick in full satisfaction of the $700 note sued upon and to apply on other indebtedness owing to that plaintiff by V. J. Emerick, one of the other owners of the undivided two-thirds interest.

In the second affirmative answer the defendants, "without waiving or intending to waive any of the matters and things" alleged in the first affirmative

answer, set forth the pleadings, findings of fact, conclusions of law and decree in a suit in equity brought in the circuit court of the state of Oregon for the county of Jackson wherein these same plaintiffs appeared as plaintiffs and the defendants herein were defendants together with V. J. Emerick, V. J. Emerick as administrator of the estate of Mattie L. Emerick, deceased, and Aletha Vawter.

Inasmuch as both the plaintiffs and the defendants in the instant action rely upon the adjudication in the proceedings above mentioned, which we shall refer to as the equity suit, as determinative of their respective rights, it is necessary to state in some detail the issues raised by the pleadings therein and to set forth the substance of the decree. In this connection, it is to be observed that the defendants here assert that because the payment of the $700 note was made an issue in the equity suit and no judgment was therein entered on such note in favor of the plaintiffs against these defendants, the court in effect found that the note had been paid. On the other hand, the plaintiffs contend that the decree, read in connection with the written opinion of the trial court, held that the defendants' plea of payment therein alleged, which is identical with their first affirmative answer in the instant case as to payment of the note, was untenable.

We shall now consider the questions raised and decided in the equity suit between these parties. The amended complaint therein alleged that the $700 promissory note was executed and delivered and that thereafter it was agreed between these plaintiffs and V. J. Emerick, one of the defendants in that suit, that in consideration of the plaintiffs' surrendering the $700 note, relinquishing their claim and interest in the prop-

erty and proceeds of two different estates and conveying to V. J. Emerick their interest in certain real property in Medford, V. J. Emerick would deliver to the plaintiffs a promissory note for $1,500, signed by himself and Aletha Vawter and secured by a mortgage on the real property so to be transferred to him by the plaintiffs.

It was then averred that the agreement was carried out and the note for $1,500, secured by a mortgage, was executed and delivered to the plaintiffs; that the makers of the note failed and neglected to pay the interest on the note or the taxes on the property on which the mortgage was given as security, and in other respects repudiated their agreement; that the court should, under the declaratory judgment act, construe the contract and agreement between the parties, and establish and fix the relative obligations between the defendants F. T. Emerick and Mattie Emerick and the other defendants in the case "commensurate with their obligation as shown herein and, especially, by Exhibit 1 hereof [a copy of the $700 note]"; and that "said decree should establish and fix the proportional obligation of all of said defendants to plaintiffs, as the facts may warrant, and should authorize plaintiffs to waive said mortgage, so rendered nugatory by defendants, as aforesaid, and recover directly on the promissory note of defendants V. J. Emerick and Aletha Vawter, with judgment also against F. T. Emerick and Mattie Emerick, as their obligation is so established by said decree." The prayer of that amended complaint was for a decree construing the agreement and for the recovery of a judgment against the defendants "in the proportion so decreed" for the full sum of $1,500.

The defendants F. T. Emerick and Mattie Emerick filed a separate answer in the equity suit, in the affirmative matter of which they alleged payment of the $700 note, in practically the identical language of such allegation in the first affirmative answer filed in the present litigation. Another separate answer was filed by V. J. Emerick, individually and as administrator of the estate of Mattie L. Emerick, deceased, and Aletha Vawter. In their answer they alleged payment of the $700 note, in much the same language used in the affirmative answer of F. T. Emerick and Mattie Emerick.

They further averred that after the payment of the $700 note "and as a full and complete settlement of all differences between the plaintiffs herein and the defendant V. J. Emerick," it was agreed between the plaintiffs and V. J. Emerick that the latter would purchase from the plaintiffs certain real property in Medford and in consideration thereof would execute and deliver to the plaintiffs a promissory note for $1,500, signed by V. J. Emerick and Aletha Vawter and secured by a mortgage on the real property so purchased. As a part of the agreement, the answer stated, such property was to be conveyed by the plaintiffs to V. J. Emerick by warranty deed, subject to the lien of taxes for the year 1938. The answer then averred that the agreement was carried out and that the deed, note and mortgage were placed in escrow pending final consummation of the deal; and that while the papers were so in escrow the plaintiffs obtained possession of the deed and, without the knowledge of V. J. Emerick, caused it to be altered so that he as grantee would be required to pay not only the 1938 taxes but also other taxes amounting to some hundreds of dollars.

It was further stated in that answer that before she signed the note, Aletha Vawter discovered that the deed had been so altered and that she directed the escrow holder not to deliver the $1,500 note and mortgage to the plaintiffs, but, contrary to such instructions, the note and mortgage were delivered by the escrow holder to the plaintiffs; and that the defendants have never accepted the deed and have declined to accept the same because of the alteration as to the payment of taxes. The prayer of the answer was that "plaintiffs' complaint be dismissed" and that the defendants have judgment for their costs.

The plaintiffs in their reply to the two answers denied the allegations as to payment of the $700 note and all the other affirmative matter "except such thereof as are in accord with the averments of the plaintiffs' complaint herein."

The court in the equity suit found as a fact that the deed from the plaintiffs to V. J. Emerick as originally executed and placed in escrow contained a general warranty "subject to the taxes for the year 1938", which provision was in accordance with the agreement between the parties; that after the deed had been placed in escrow there had been erased from the exception to the general warranty the words "for the year 1938"; and that such erasure was effected without the knowledge or consent of the defendants. The findings of fact, however, do not mention the $700 note.

The decree in the equity suit directed that the deed be reformed by inserting therein the words that had been erased, and ordered that before delivery of the deed to the grantee the plaintiffs should be required to pay all "taxes, penalties and interest which have

accrued upon said property down to the year 1938''; that until the plaintiffs should have complied therewith the note for $1,500 should be ''without force and effect''; and that upon compliance by the plaintiffs with the decree the mortgage should become a valid and effective lien against the described real property. The plaintiffs were granted thirty days within which to meet the requirements of the decree, and in the event that they failed so to comply within the time specified it was ordered that the note and mortgage be returned to the defendants V. J. Emerick and Aletha Vawter and that the decree stand as and for a cancelation of the mortgage in the records of the county. The decree thus concluded:

''A certain promissory note of seven hundred dollars ($700.00) signed by defendants, F. T. Emerick and Mattie Emerick, having been delivered to defendant, Aletha Vawter;

''It is ordered and decreed that in the event the plaintiffs shall fail to comply with the conditions of this decree within the time herein specified, that said seven hundred dollar ($700.00) promissory note shall be returned to the plaintiffs herein; and that all of said transactions between the plaintiffs and defendants herein, because of such failure on the part of plaintiffs, shall be void and of no force and effect.''

The record in the equity suit shows that the plaintiffs did not comply with the direction of the decree in regard to payment of taxes within the time specified; and, after the expiration of the thirty days allowed for such payment, the parties to the litigation by their attorneys filed in court a stipulation to the effect that the plaintiffs had declined to comply with the decree in that respect; that an order of court might

be entered directing the clerk to deliver to the defendants the $1,500 note; and "that the defendants be required simultaneously to deliver the said" promissory note for $700 "referred to in the pleadings of this cause", to the clerk of the court "for delivery to the plaintiffs, and that an order of this court may be made and entered in accordance herewith."

It was further stipulated that the defendants represented and asserted that the $700 promissory note, a copy of which was therein set forth, had been lost and could not be delivered to the plaintiffs, and that the copy of the note appearing in the stipulation should be "a substitute for and stand in lieu of said promissory note." An order of the court was thereupon made in conformance to the stipulation.

■ In the action here before us the plaintiffs made out a *prima facie* case when they introduced in evidence the note involved, inasmuch as the defendants in their answer admitted its execution and delivery to the plaintiffs. The defense of payment is, as hereinabove stated, based on the alleged turning over to the plaintiffs of the above-mentioned two-thirds of the purchase price received in the sale of property in Beatty addition. The first question to be decided is whether this defense of payment is available to the defendants at this time, in view of the matters determined in the equity suit, wherein this same defense was pleaded by these same defendants against these same plaintiffs in regard to the same note.

In the equity suit the plaintiffs were seeking to recover judgment on a $1,500 note alleged to have been executed by two of the defendants in that suit, V. J. Emerick and Aletha Vawter, and delivered to the plaintiffs. The note was secured by a mortgage, which,

the plaintiffs alleged, had been rendered nugatory by the makers of the note. A part of the consideration for the execution of the $1,500 note was alleged by the plaintiffs to have been the transfer of the $700 note to V. J. Emerick. The plaintiffs asked that the court "establish and fix the relative obligations between F. T. Emerick and Mattie Emerick and the other defendants herein, commensurate with their obligation as shown herein and, especially, by" the $700 note; and that the "plaintiffs have and recover of and from the defendants, in the proportion so decreed, the full sum of $1,500, and the interest thereon at the rate of" five per cent per annum from the date of the note.

The apparent theory of the plaintiffs in that suit was that inasmuch as the makers of the $1,500 note had rendered the security therefor nugatory the plaintiffs were entitled to be subrogated to the rights of V. J. Emerick and Aletha Vawter, who had received from the plaintiffs the $700 note as part of the consideration for the $1,500 note, against F. T. Emerick and Mattie Emerick. In order to avoid liability in that suit, these last-named defendants pleaded payment of the $700 note, as hereinbefore stated.

Instead of granting to the plaintiffs the relief they sought, the court in the equity suit ordered that the contract between these plaintiffs and V. J. Emerick be specifically performed, and that in the event of failure of the plaintiffs so to perform within thirty days from the date of the decree the parties to the agreement should be returned to the same situation occupied by them prior to the execution of the contract.

The $700 note had been delivered by the plaintiffs to Aletha Vawter as part of the consideration for the execution of the $1,500 note and was in her possession

at the time of the trial. The decree in the equity suit provided in part that in the event that the plaintiffs did not perform within the time set, the defendants should return to them the $700 note.

One of the questions litigated in the equity suit was whether the transfer of the $700 note by the plaintiffs to the makers of the $1,500 note constituted a part of the consideration for the execution of the latter note. Had the $700 note been paid sometime prior to the giving of the $1,500 note, as contended by the defendants in the equity suit, then it could not possibly have formed a part of that consideration.

■ The decree of the court, by permitting the defendants, or the one of them who had possession of the $700 note, to retain that note if the plaintiffs in the equity suit complied with the court's order as to performance of the contract, but, in the event of nonperformance, requiring the defendants to return that note to the plaintiffs, in effect determined that the delivery of the $700 note by the plaintiffs to V. J. Emerick formed a part of the consideration for the $1,500 note and that the $700 note had not previously been paid as asserted by the defendants.

■ If the decree of the court in the equity case is ambiguous or fails to show the issues decided, resort may be had to the opinion of the trial judge, to clarify the decree: *Gentry v. Pacific Livestock Co.*, 45 Or. 233, 77 P. 115; *United States National Bank v. Shehan*, 98 Or. 155, 193 P. 658; *Faist v. Faist*, 147 Or. 623, 34 P. (2d) 937. The typewritten opinion of the late Honorable H. D. Norton, who presided in the equity suit, after stating that the contract between the plaintiffs and V. J. Emerick had been partially performed by the latter's retaining the $700 note, proceeds as

follows: ". . . nor can they [the defendants in that suit] be heard to say that the $700 note had been settled by a prior transaction a year or so before, for it is entirely obvious that at the time of this transaction none of them considered that the prior transactions had settled the $700 note, but that it was only settled by the consummation of the last agreement involving the deed, mortgage and the $1,500 note."

If the decree could be considered ambiguous as to why the $700 note was ordered to be returned to the plaintiffs, any such uncertainty would be dispelled by the above excerpt from the trial judge's opinion. It is argued, however, by the defendants in this action, that because no judgment was entered on the $700 note in the equity suit in favor of the plaintiffs and against the defendants in this case, the decree of the court in equity was in effect a determination that such note had been paid. We are unable to concur in that view of the matter. The plaintiffs in that case were not seeking to recover judgment on the $700 note, and the issues were not so framed that judgment thereon could well have been rendered.

It is our conclusion that the decree in the equity suit determined adversely to the defendants herein the issue of payment of the $700 note here in controversy; that the defendants are precluded from again litigating the same matter in this action; and that therefore the circuit court did not err in directing a verdict in favor of the plaintiffs. There is no issue here raised as to the amount of attorney's fees awarded to the plaintiffs. The judgment appealed from is affirmed.