Argued and submitted August 7, 1991, reversed and remanded February 26, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# GARY EUGENE STANFORD,
*Appellant.*

## (85-3141; CA A67933)

828 P2d 459

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Cynthia A. Forbes, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from an order denying his motion to set aside a conviction. ORS 137.225.[1] We reverse and remand.

Defendant was convicted of criminally negligent homicide, ORS 163.145, and placed on three years' probation. Near the end of that period, he was cited for violating the probation condition that required him to obey all laws. The state moved to revoke his probation, and he moved to have his conviction set aside.

At the hearing on both motions, the court found that defendant had violated the law.[2] Therefore, it denied his motion to set aside his conviction. It also extended his probation for two years. Defendant appealed those orders, and we affirmed, holding that the court had the power to extend the probation, regardless of whether defendant had violated the law. We expressly declined to consider whether defendant had violated the law. *State v. Stanford*, 100 Or App 303, 306, 786 P2d 225 (1990).

After defendant had completed his extended probation, he again moved to have his conviction set aside. At the hearing on that motion, the court found that the previous judgment prevented him from relitigating the issues determined in that proceeding. Because of the previous finding that defendant had violated the law, the court ruled that he was precluded from relitigating that issue and was, therefore, not entitled to have his conviction set aside.

---

[1] ORS 137.225 provides, in part:

"(1)(a) At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court * * * by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction; or

"* * * * *

"(3) Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. If the court determines that the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction, * * * it shall enter an appropriate order * * *."

[2] The court found that defendant, a licensed medical doctor, had violated ORS 475.185 by dispensing a controlled substance to himself.

■ Under ORS 137.225(3), a court may deny a motion to set aside a conviction if it finds, by a preponderance of the evidence, that, after the date of that conviction, the defendant committed another offense, other than a motor vehicle code violation. *State v. Langan*, 301 Or 1, 10, 718 P2d 719 (1986). Accordingly, if the court correctly determined that defendant could not relitigate the issue of whether he had violated the law, it properly denied his motion to set aside his conviction. To resolve that issue, we must examine the rules of claim and issue preclusion.[3]

■ The doctrine of claim preclusion, historically known as *res judicata*, is that, in the absence of a particular exception, a party who has litigated a claim is barred from asserting in a later action involving the same parties any claim based on the same factual transaction that gave rise to the previous claim. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). In short, a party must assert all claims arising out of the same factual transaction in one action, or any claim not asserted will be barred. Because ORS 137.225(3) requires a judge hearing a motion to set aside a conviction to consider the "circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing," the judge must consider a new aggregate of facts every time that a defendant moves to set aside a conviction. *Stowell v. R.L.K. and Company*, 66 Or App 567, 571, 675 P2d 1074 (1984). Accordingly, defendant's second motion to set aside his conviction was not barred on claim preclusion grounds. Nevertheless, he might be precluded from relitigating the actual issues raised at the prior hearing. *See Restatement (Second) Judgments* § 27, *comment b* at 251 (1982).[4]

■ The doctrine of issue preclusion, historically known as collateral estoppel, is that, again in the absence of a particular exception, a party is barred from relitigating any

---

[3] Because of the basis for our disposition, we need not decide, and no one argues, whether preclusion doctrines *can* be applied *against a defendant* in a criminal proceeding.

[4] That comment reads:

"In some cases, a judgment does not preclude relitigation of all or part of the claim on which the action is brought. * * * In such cases, the rule of this Section precludes relitigation of issues actually litigated and determined in the first action when a second action is brought on the same claim."

issue that was actually litigated and determined in a previous proceeding, if that determination was essential to the judgment. *Drews v. EBI Companies, supra,* 310 Or at 139; *Restatement (Second) Judgments* § 27 (1982).[5] In our previous decision in this case, we expressly declined to consider the issue of whether defendant had violated the law, because it was unnecessary to do so to affirm the trial court. The issue was neither determined nor essential to the previous judgment. When an appellate court refuses to consider an issue and affirms a judgment on a different ground, a party is not prevented from relitigating that issue. *See Restatement (Second) Judgments* § 27, *comment o* at 263 (1982).[6]

The Supreme Court recognized that principle in *Gentry v. Pacific Livestock Co.,* 45 Or 233, 77 P 115 (1904). The defendant (Pacific) had brought an earlier action to enjoin Gentry from trespassing. *See Pacific Livestock Co. v. Gentry,* 38 Or 275, 61 P 422, 65 P 597 (1900). It had alleged that Gentry was occupying its property as its employee and that the employment contract required Gentry to grow hay for it on the property. The trial court dismissed the complaint, because it found that there was no employment contract. It also found that Gentry lawfully possessed the property and had agreed to sell Pacific the hay that he produced. On *de novo* review, the Supreme Court affirmed,

---

[5] Section 27 provides:

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

Although they have not been expressly adopted as the law of Oregon, the *Restatement* rules and comments that we cite are persuasive.

[6] The comment reads, in relevant part:

"If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds * * * one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination."

In *Dow Chemical v. U.S. E.P.A.,* 832 F2d 319, 323 (5th Cir 1987), the court quoted the rule from 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4421 (1981:

"The federal decisions agree that once an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decision."

but on a different ground. It found that there was a contract, as Pacific had alleged, but that it was void. Because of that disposition, it did not reach the issue of title to the property or the hay.

Subsequently, Gentry brought an action against Pacific to recover damages for the hay that Pacific had used while he was temporarily enjoined from interfering with Pacific's use of the property. In that action, the trial court held that the previous appellate court judgment estopped Pacific from denying Gentry's title to the hay. On appeal from that decision, the court disagreed. It held:

> "In an action between the same parties upon a different claim or demand, [an appellate court judgment] * * * can operate as a bar or estoppel only as to matters in issue and which were actually litigated and determined." *Gentry v. Pacific Livestock Co., supra,* 45 Or at 237.

Because the first appellate judgment did not resolve the issue of who had title to the hay, Pacific was not estopped from relitigating it. 45 Or at 238.

Similarly, our earlier decision expressly did not resolve the issue of whether defendant had violated ORS 475.185. Therefore, defendant is entitled to a hearing and a determination on that issue.

Reversed and remanded.