**Nicholas P. GIAMBELLUCA and Michael J. Giambelluca**

v.

**DRAVO BASIC MATERIALS COMPANY, INC.**

Civ. A. No. 90–0987.

United States District Court, E.D. Louisiana.

June 22, 1990.

J. Mac Morgan, Law Office of J. Mac Morgan, New Orleans, La., for plaintiffs.

Paul G. Preston, Christovich & Kearney, New Orleans, La., for defendant.

ROBERT F. COLLINS, District Judge.

Plaintiffs, Nicholas P. Giambelluca and Michael J. Giambelluca, commenced the instant action after discovering that defendant, Dravo Basic Materials Company, Inc. ("Dravo"), was moving trucks and other heavy equipment along a road that runs through plaintiffs' batture property in Hahnville, Louisiana. Dravo had been using the road to move materials to and from its dredging operation situated on the plot of land adjacent to the Giambelluca's batture property. Dravo had acquired use of the contiguous property through an oral lease agreement with its owner, Neal J. Clulee.

Plaintiffs seek to enjoin Dravo's use of the road, which they claim amounts to continued acts of trespass on their property.[1]

1. Plaintiffs have sought injunctive relief pursuant to La–C.C.P. Art. 3663. Article 3663 states the following in pertinent part:

"... Injunctive relief under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immoveable property or of a real right therein, is available to:

(1) A plaintiff in a possessory action, during the pendency thereof; and

The plaintiffs aver that no road existed on the batture property before the land was purchased by plaintiffs' company, A. Giambelluca Construction, Inc., in 1975. It is their position that in 1975, as an integral part of the project to develop the batture property into a materials yard for the Giambelluca's construction business, the property was cleared of extensive trees and vegetation, and a road was built extending from the Mississippi River Levee, which forms the western border of the batture property, to the waters' edge of the Mississippi River. Plaintiffs maintain that they had quiet and uninterrupted possession of the road and batture property from 1975 until Dravo commenced operations on Neal Clulee's property on or about September 1, 1989.[2]

On March 23, 1990, the Court received plaintiffs' Motion for Issuance of A Temporary Restraining Order and Preliminary and Permanent Injunctions. An expedited hearing was held with counsel on March 27, 1990 to determine whether the issuance of a Temporary Restraining Order ("TRO") was warranted in this matter. After receiving evidence that conflicted with plaintiffs' averments that the road was private, and after finding that no irreparable injury would be incurred by plaintiffs if Dravo was not enjoined immediately from using the disputed road, the Court denied plaintiffs' motion for a TRO. At the same meeting, the Court set an April 26, 1990 hearing date for plaintiffs' Motion for A Preliminary Injunction.

On April 25, 1990, defendant filed a Motion to Dismiss Under Rule 19(b), Fed.R. Civ.P. Defendant's Memorandum in Support of its Motion to Dismiss states that because Dravo's lessor, Neal Clulee, " ... claims at least partial ownership of the property involved and further because Dravo's rights, as lessee, are clearly derivative

of those rights possessed by Mr. Clulee, Neal Clulee is an 'indispensable party' as defined by Federal Rule of Civil Procedure 19." (Defendant's Memorandum in Support of Motion to Dismiss Under Rule 19, p. 1) Dravo's brief further states that Mr. Clulee's status as an indispensable party to the present action, combined with Clulee's and plaintiffs' shared residency in the State of Louisiana, defeats this Court's jurisdiction under 28 U.S.C. § 1332 and, thus, requires this Court's dismissal of plaintiffs' action.

The Court heard argument on Dravo's Motion to Dismiss during the afternoon of April 25, 1990. After listening to the positions of counsel, the Court determined that a decision could not be made on the motion in its current posture. The Court placed the motion under submission until the completion of the April 26, 1990 hearing on plaintiffs' Motion for a Preliminary Injunction.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After the hearing on the merits in this matter based on plaintiffs' claim for injunctive relief, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

(1) Under plaintiffs' own survey, their title does not include the entirety of the road of which they now claim possession. (Plaintiffs' Exhibit No. 7) By plaintiffs' own admission, they do not have title to the entirety of the property over which they claim possession.

(2) Neal Clulee is the owner of the property located adjacent to the property of plaintiffs.

---

(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immoveable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment."

**2.** Plaintiffs claim that from 1975 to September of 1989, a gate and fence prevented the general

public's access to their road and batture property and that the gate and fence placed the public on notice that the road was private and not subject to public use. On or about September 1, 1989, Dravo allegedly knocked down the gate and fence on the Giambelluca's property in order to use the road at issue.

(3) Under plaintiffs' survey, Neal Clulee owns at least part of the roadway in question.

(4) Neal Clulee has entered into a verbal lease agreement with Dravo, wherein Dravo is allowed to use Mr. Clulee's property, including the involved roadway, and Neal Clulee is paid a certain sum per ton to gather up the materials taken off the barges and transport them to the location requested by Dravo.

(5) Neal Clulee is a resident and domiciliary of the Parish of St. Charles, State of Louisiana.

(6) Neal Clulee specifically denies that plaintiffs have any possessory or ownership interest in the involved roadway, claiming that said roadway is public or alternatively partially his.

(7) To the extent that these Findings of Fact also constitute Conclusions of Law, they are specifically adopted as both Findings of Fact and Conclusions of Law.

### Conclusions of Law

(1) The first step in our inquiry concerning Mr. Clulee's status as an indispensable party to this action is a determination whether Mr. Clulee is a "person to be joined if feasible" pursuant to Fed.R.Civ.P. 19(a). Fed.R.Civ.P. 19(a) states the following in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party ...

Based upon the factors set out in Rule 19(a), the Court finds that Neal Clulee is a party to be joined in this action if feasible. As to the first requirement of Rule 19(a), complete relief cannot be obtained by the parties in the absence of Neal Clulee. The plaintiffs ultimately seek in this action possession and exclusive use of the road; however, a decision by the Court prohibiting Dravo's use of the road will have no preclusive effect upon the subsequent use of the road by Mr. Clulee, individually, or any future lessee of his property in light of his partial ownership of the road and his denial of any possessory or ownership rights on the part of the plaintiffs therein. Furthermore, a proper assessment of damages in this case for use of the road cannot be made without taking into consideration Mr. Clulee's ownership interest in the road.

As to the second factor of Rule 19(a), a ruling by this Court for plaintiffs would not only have a clear impact upon Mr. Clulee's right as partial owner of the road since plaintiffs seek exclusive use of and damages for a road they do not own entirely, but such an outcome would also impair his rights as Dravo's lessor. The remuneration Mr. Clulee receives for leasing his property to Dravo is derived from the per ton fee for transporting materials from the Dravo facility to locations requested by Dravo. Mr. Clulee uses the road at issue in order to complete these deliveries. This proceeding to enjoin Dravo, absent Mr. Clulee's participation, would deprive him of the opportunity to protect his interest in generating revenue via a road of which he is a part owner.

(2) Having concluded that Neal Clulee is a person to be joined in this action under Rule 19(a), but whose residency in the State of Louisiana destroys this Court's diversity jurisdiction, our next step is to determine, pursuant to Fed.R.Civ.P. 19(b), whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, [Neal Clulee] being thus regarded as indispensable." The factors that must be taken into account in an analysis under Rule 19(b) are as follows:

... first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In regards to the first factor, we have already discussed how a judgment in this matter would prejudice Mr. Clulee's rights as partial owner of the road and Dravo's lessor. As to the second factor, the Court cannot envisage how such prejudice to Mr. Clulee can be lessened or avoided if Dravo's activities are enjoined. If Dravo is precluded from using the road, Mr. Clulee is denied the means of obtaining remuneration in accordance with his verbal lease agreement with Dravo. Furthermore, in order to reach a decision whether an injunction should issue against Dravo, this Court could not avoid determining the extent of Mr. Clulee's possessory and ownership in the road, even though Mr. Clulee would not be available to represent his interest therein.

Plaintiffs cite *U.S. v. Sabine Shell, Inc.*, 674 F.2d 480, 483 (5th Cir.1982), for the proposition that a party who fails to intervene in an action that can affect his interests in immovable property creates the presumption that he believes the disposition of the litigation will not impair or impede his ability to protect his interest; therefore, such a party cannot be found to be an indispensable party under Rule 19. In reliance upon *Sabine Shell*, plaintiffs contend that the Court cannot, in equity, find Mr. Clulee to be an indispensable party since he has not attempted to become involved in this action pursuant to Rule 24, Fed.R.Civ.P., despite his knowledge of plaintiffs' action against Dravo and his agreement to serve as a witness for the defendant in the hearing of the instant matter.

Plaintiffs' position is of no merit. *Sabine Shell* involved an attempt by a dred-

gor, Sabine Shell, Inc. ("Shell"), and its contractor, Badon Construction Company ("Badon"), to avoid the federal Government's enforcement of a consent decree provision that required them to restore marshland they had altered. Shell and Badon appealed the district court's ruling in favor of the Government to enforce the consent decree, alleging *inter alia*, that although previous owners of the marshlands at issue allowed Badon and Shell on the property to conduct the dredging work, the subsequent owners of the property, refused to allow reentry on the land for any further activity. Shell and Badon averred that the Government should have joined the new property owners as indispensable parties and questioned whether the district court could order them to restore the property without joining the present owner as a party defendant. The Fifth Circuit, in rejecting Shell and Badon's argument as to the indispensability of the property owners, held as follows:

> In the proceedings below, Shell and Badon never tried to join the property owners as parties. Moreover, in the pretrial order they stated: "There are no claims of other parties." When they proposed the consent decree, it was apparent that any restoration would require reentry to the property and would affect its surface; yet they did not raise the "absent property owners" issue in any way until three years later, when they filed their motion to stay submission and execution of the Government's restoration plan. Furthermore, the property owners themselves, patently aware of this litigation, never intervened either at the district or appellate court level. Presumably the property owners do not believe that the disposition of this suit will "impair or impede" their ability to protect their interests. Fed.R.Civ.P. 19(a)(2)(i).

*Id.* at 482–483.

*Sabine Shell* is distinguishable from the case at hand, not only for the *numerous* equitable factors taken into account by the Fifth Circuit in its Rule 19 analysis, but also because the district court in *Sabine Shell* possessed federal question jurisdiction, and thus the Court's jurisdiction

would not have been jeopardized by the intervention of the alleged indispensable parties (nor, for that matter, could it have been destroyed if the property owners had been joined in the action). Yet, if the Court were to accept the plaintiffs' argument in the instant matter, which is based upon diversity jurisdiction, an absurd outcome would result, for it would make intervention a prerequisite for preserving one's status as an indispensable party, even though if one were truly indispensable to the action, the party would be prohibited from intervening since diversity jurisdiction would thereby be destroyed. *Butcher & Singer, Inc. v. Kellam,* 623 F.Supp. 418, 422 (D.C.Del.1985) (when a non-diverse party intervening of right is indispensable, the Court must dismiss the suit for lack of jurisdiction); *See, Carlton v. BAWW, Inc.,* 751 F.2d 781, 786 (5th Cir.1985).

In consideration of the third factor of Rule 19(b), we cannot hold that a judgment rendered in Mr. Clulee's absence will be adequate because the plaintiffs' objective of regaining possession and exclusive use of the road could be undermined after the proceeding (and thus be the subject of additional litigation) by Clulee's subsequent use of the road. In justification of such activity, Mr. Clulee may assert a privilege to do so as partial owner of the road.

The final consideration under Rule 19(b) is whether an adequate remedy is available to the plaintiffs if this case is dismissed. The Court finds that an alternate forum is indeed available to the plaintiffs, for as the Fifth Circuit held in *Broussard v. Columbia Gulf Transmission Company,* 398 F.2d 885, 889 (5th Cir.1968), "[t]he cause of action involved in this litigation could easily be brought in a state court in Louisiana ... the suit involves activity on real property in which the State of Louisiana, rather than the federal judiciary, has a fundamental concern."

(3) Based upon the foregoing analysis under Rule 19, the Court finds that Neal Clulee is an indispensable party to these proceedings, and, as such, this matter must be DISMISSED for lack of subject matter jurisdiction. The Court's "decision is made

easier by the knowledge that the courts of the State of Louisiana offer a forum in which a complete adjudication of all interests can be obtained ..." *Schutten v. Shell Oil Company,* 421 F.2d 869, 875 (5th Cir.1970).