NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 17

No. 2017-220

| | |
|---|---|
| Steven Daiello | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit, |
| | Civil Division |
| | |
| Town of Vernon | December Term, 2017 |

Michael R. Kainen, J.

Wanda Otero-Weaver and James W. Swift of Langrock Sperry & Wool, LLP, Middlebury, for
 Plaintiff-Appellant.

James F. Carroll of Carroll, Boe & Pell, P.C., Middlebury, for Defendant-Appellee.


PRESENT: Reiber, C.J., Skoglund, Robinson and Eaton, JJ., and Teachout, Supr. J.,
 Specially Assigned


¶ 1.    **EATON, J.**  Plaintiff landowner, who built a residence on leased property owned by defendant, Town of Vernon, appeals the superior court's order granting the Town summary judgment with respect to his claim that the Town breached a covenant of quiet enjoyment implied in the lease by not providing him access to the property. We reverse and remand for further proceedings.

¶ 2.    This is the third time that issues surrounding plaintiff's property have reached this Court. The property is part of glebe land[1] first leased by the Town in the early nineteenth century. The instant claim is premised upon an alleged covenant of quiet enjoyment in an 1838 deed in

---

[1] "Glebe land" is defined as "Land possessed as part of the endowment or revenue of a church or ecclesiastical benefice." Glebe Black's Law Dictionary (10th ed. 2014).

which the Town leased the land for the lessee "to farm occupy" and "to hold said granted premises with all the privileges and appurtenances." Plaintiff obtained his interest in the leased land through a quitclaim deed from his wife in 2013. Plaintiff and his wife had received their interest in the property from a company controlled by plaintiff and a friend. Plaintiff built a residence on the property in 2000.

¶ 3.   At the center of this dispute is Old Stebbins Road,[2] which runs east to west along the southern boundary of plaintiff's property and crosses the abutting property to the east owned by Dale and Brenda Merritt. Plaintiff's chain of title includes "any and all rights held by the Grantor over and across the discontinued Town Highway formerly known as Stebbins Road . . . if any there may be." Stebbins Road was discontinued as a public road in 1904.

¶ 4.   In 2006, plaintiff sought to have the Public Service Board (now called the Public Utility Commission) declare Stebbins Road a public road so that he could obtain utility access to his property and residence. He claimed that the 1904 decision to discontinue the road was void because the Town had failed to follow certain statutory procedures. The Merritts intervened and moved to dismiss the case for lack of jurisdiction. The Board granted the Merritts' motion, and this Court affirmed that decision. See In re Doolittle Mountain Lots, Inc., 2007 VT 104, 182 Vt. 617, 938 A.2d 1230 (mem.).

¶ 5.   In 2008, the Merritts filed a complaint in the superior court seeking a declaratory judgment that plaintiff had no legal right of access over Stebbins Road through their property or, in the alternative, that any right of way over Stebbins Road was limited to prior uses. The Merritts later amended their complaint, adding a claim that Stebbins Road had never been properly laid out as a public road because there was no record of the Town having formally accepted or established an 1801 survey of the road. Plaintiff objected to the amendment, but the court allowed the

---

[2]   The road is currently referred to as West Road by the general public. In these proceedings, the superior court and parties have alternatively referred to the road as both Old Stebbins Road and Stebbins Road. For the sake of consistency and simplicity, we will hereinafter refer to the road as Stebbins Road.

2

complaint to be amended, and a bench trial was held. Neither party sought to join the Town of Vernon at any time during the proceedings.

¶ 6. The superior court found that the pertinent section of Stebbins Road had never been officially laid out as a public road and that, therefore, plaintiff never obtained an abutting right of access over the road that would have survived the Town's later discontinuance of the road. See Okemo Mountain, Inc. v. Town of Ludlow, 171 Vt. 201, 207, 762 A.2d 1219, 1225 (2000) (stating that abutting landowner has right to access over public road adjacent to private property and further "retains the private right of access" even after "[the] public road is discontinued or abandoned"). The court emphasized that although the 1801 survey was initiated under the authority of the town selectboard, it was not officially approved or adopted by the selectboard, as required by the law. The court further found that there was no easement by necessity because the property was not landlocked, having clear access from the west.

¶ 7. Plaintiff appealed to this Court, arguing, among other things, that: (1) the evidence did not support the court's finding that Stebbins Road was not properly laid out; and (2) the court erred in concluding that plaintiff had no easement of necessity because his property was not landlocked. A three-justice panel of this Court affirmed the superior court's decision, concluding, in relevant part, that: (1) the inferences suggesting the Town had properly laid out Stebbins Road were insufficient to overturn the superior court's finding that the road had never been property laid out; and (2) plaintiff did not have an easement by necessity because, even assuming his property was landlocked, he had failed to demonstrate that there was a common division of land. Merritt v. Daiello, No. 2010-171, 2010 WL 7799806, at *3-4 (Vt. Oct. 21, 2010) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo10-171.pdf [https://perma.cc/QA27-XTEX]; Okemo, 171 Vt. at 206, 762 A.2d at 1224 ("To obtain a way of necessity, one must show that (1) there was a division of commonly owned land, and (2) the division resulted in creating a landlocked parcel."). In support of the latter conclusion, we noted that there had been no evidence submitted at trial indicating that plaintiff's property was ever owned in common with

3

the Merritts' property or that the parcels had become landlocked as the result of a common division of land. Merritt v. Daiello, 2010 WL 7799806, at *2.

¶ 8. In August 2014, plaintiff filed the instant action against the Town, claiming that the Town had breached an implied covenant of quiet enjoyment in the 1838 lease that included a right of access to the leased property. The Town filed a motion for summary judgment, arguing that: (1) for several reasons, plaintiff cannot enforce any right of access which may have existed in the 1838 lease; (2) plaintiff waived any covenant implying a right of access by accepting an assignment of rights over a discontinued road only if any such right existed; and (3) the glebe land that includes plaintiff's property was accessible in 1838 and continued to be accessible over the next 175 years. As a component of the latter argument, the Town asserted that the 2010 decision in Merritt v. Daiello had a preclusive effect against plaintiff as a party to that action but not against the Town as a nonparty to the action. Hence, the Town took the position that plaintiff could not prevail on his claim that the Town's action or inaction had impacted access to his property because: (1) plaintiff was estopped from relitigating the finding in Merritt v. Daiello that he had access from the west; and (2) notwithstanding the superior court's finding in that case that Stebbins Road was never properly laid out as a public road, the Town was not estopped from demonstrating in this action that Stebbins Road had in fact been properly laid out. In its motion for summary judgment, the Town presented undisputed facts showing that a late eighteenth-century fire had destroyed town records that would have proved that Stebbins Road had been properly laid out.

¶ 9. The trial court granted the Town's summary judgment motion, ruling that: (1) there is an implied covenant of quiet enjoyment in the 1838 lease that includes a right of access; (2) the covenant does not guarantee any particular point of access; (3) the covenant is breached if the lessor causes a substantial interference with the lessee's use of the premises as contemplated by the lease; and (4) as a matter of law, the Town did not breach the covenant because the finding in Merritt v. Daiello that plaintiff had access to his property from the west precluded plaintiff from relitigating that fact. The court concluded that even though plaintiff did not in fact appear to have

4

access from the west, applying issue preclusion was fair because of the need for finality of judgments. Given its resolution of the case, the court expressly declined to address whether any act or omission by the Town substantially interfered with plaintiff's enjoyment of his land, whether the Merritts' lawsuit and ensuing judgment could be attributed to the Town, whether the Town was required to ensure access to the property only to the extent access was needed for farming, or whether plaintiff's conduct constituted a waiver of his claimed right to access his property.

¶ 10. Plaintiff moved to alter or amend the judgment, arguing that the court's ruling would result in manifest injustice. In response, although plaintiff had not moved for summary judgment, the court gratuitously stated that, based on the undisputed facts before it, it would have concluded that plaintiff's property cannot be accessed from the west but that the Town had properly laid out Stebbins Road before 1801 such that plaintiff had a right to access his property over the discontinued public road pursuant to the principle stated in Okemo. The court declined to make these conclusions, however, stating that it could not do so without joining the Merritts as indispensable parties to relitigate the same issues litigated in 2010 in Merritt v. Daiello before Judge Howard. The court noted that it was unclear whether the evidence before Judge Howard in that case was different from the evidence in this case, but that, if there was any manifest injustice, it occurred in the first case.[3] According to the court, applying issue preclusion in this action was fair because otherwise it would allow plaintiff a second bite at the apple.

¶ 11. On appeal to this Court, plaintiff argues that: (1) he is not precluded from challenging the lack of access to his property from the west because that issue was not resolved on appeal in Merritt v. Daiello; and (2) precluding him from relitigating whether Stebbins Road was properly laid out as a public road is manifestly unjust because it violates public policy against allowing land to sit idle and sanctions the Town's breach of its duty to preserve and promote the

---

[3] As the court acknowledged, it did not read the transcript of the prior hearing and thus did not know if Judge Howard's findings had been based on different evidence. The court's additional gratuitous comment suggesting that manifest injustice may have occurred during the 2010 proceeding before Judge Howard was based on incomplete facts and served no purpose.

value of glebe lands. The Town challenges both arguments but does not otherwise claim error in the superior court's decision. In the Town's view, plaintiff cannot show a breach of any covenant of quiet enjoyment that exists with respect to his leased land because: (1) as a party in Merritt v. Daiello, plaintiff is bound by findings therein confirming that his property is not landlocked; and (2) as a nonparty to the earlier action, the Town is not precluded from showing, and in fact can show, that Stebbins Road was properly laid out as a public road and thus the Town did not impair plaintiff's access to his property.

¶ 12.     Before addressing each of these arguments in turn, we summarize our basic law on issue preclusion. Issue preclusion, also known as collateral estoppel, is a narrower concept than claim preclusion, also known as res judicata.[4] Berisha v. Hardy, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984). Claim preclusion "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." Berlin Convalescent Ctr. v. Stoneman, 159 Vt. 53, 56, 615 A.2d 141, 143 (1992) (quotation omitted) (noting that claim preclusion bars relitigation not only of issues that actually were litigated but also of those that should have been raised). Issue preclusion, on the other hand, "bars the subsequent relitigation of an issue which was actually litigated and decided in a prior case between the parties resulting in a final judgment on the merits, where that issue was necessary to the resolution of the action." Id. at 56, 615 A.2d at 144 (quotation omitted). Both doctrines "protect the courts and the parties against the burden of relitigation, encourage reliance on judicial decisions, prevent vexatious litigation and decrease the chances of inconsistent adjudication." Id. at 57, 615 A.2d at 144.

¶ 13.     The elements of issue preclusion are:

> (1) preclusion is asserted against one who was a party or in privity
> with a party in an earlier action; (2) the issue was resolved by a final
> judgment on the merits; (3) the issue is the same as the one raised in

---

[4] Res judicata is also sometimes used as a general term for both claim preclusion and issue preclusion. See Am. Trucking Ass'ns v. Conway, 152 Vt. 363, 368, 566 A.2d 1323, 1327 (1989) ("[T]he umbrella term res judicata is often applied to the use of both theories of estoppel.").

the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265, 583 A.2d 583, 587 (1990); see Restatement (Second) of Judgments § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). No single test is determinative as to the last two criteria, which must be considered on a case-by-case basis. Trepanier, 155 Vt. at 265, 583 A.2d at 587. Among the factors to be weighed "are the type of issue preclusion, the choice of forum, the incentive to litigate, the foreseeability of future litigation, the legal standards and burdens employed in each action, the procedural opportunities available in each forum, and the existence of inconsistent determinations of the same issue in separate prior cases." Id.

¶ 14. Like most courts, we have abandoned the doctrine of mutuality, which disallowed either party to use a prior judgment against the other unless both parties were bound by that judgment. Id. at 264, 266, 583 A.2d at 587, 588 ("In effect, the doctrine [of mutuality] provides parties who litigated and lost an opportunity to relitigate identical issues against new parties in another action."). Thus, "[t]he absence of mutuality will not preclude [nonparties'] use of collateral estoppel unless the party denying the estoppel shows special circumstances indicating unfairness." Id. at 266, 583 A.2d at 588; see 18A C. Wright et al., Federal Practice and Procedure § 4448, at 315 (3d ed. 2017) (stating that generally nonparties may take advantage of preclusive effect of prior judgment on party absent special reasons most often associated with determination that first litigation did not afford party full and fair opportunity to try issue offered for preclusion); see also id. § 4465, at 712 (stating that nonmutual preclusion is most often denied when "there was not a full and fair opportunity to litigate in the prior action" or when courts use their discretion "to achieve justice and equity"). On the other hand, nonparties are ordinarily not bound by issues

7

resolved in a prior judgment.  Id. § 4449, at 317 ("The basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound.").

¶ 15.    We now turn to the first of the two preclusion questions raised by the parties—whether plaintiff should be precluded from litigating in this case whether he has access to his property from the west.  The answer to this question is straightforward.  Commentators and courts alike have held that preclusion should be denied with respect to any finding that was untested on appellate review:

> Since appellate review is an integral part of the system, there is strong reason to insist that preclusion should be denied to findings that could not be tested by the appellate procedure ordinarily available, either by appeal or by cross-appeal.
>
> . . . .
>
>   Appellate reversal of a judgment on one ground may leave without review findings that, by virtue of the reversal, have become unnecessary and indeed contrary to the judgment dictated by the reversal.  Denial of preclusion in this situation is appropriate not only because the findings are unnecessary but also because of the general principle that an appellate disposition on grounds that foreclose review of other grounds defeats use of the unreviewed grounds for preclusion.
>
> . . . .
>
>   The federal decisions agree with the Restatement view that once an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decision.

18 C. Wright et al., Federal Practice and Procedure § 4421, at 607, 609, 619 (2016); see Restatement (Second) of Judgments § 27 cmt. o ("If the appellate court upholds one of the[] determinations [by the lower court] as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive [only] as to the first determination."); see also Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 754 (2d Cir. 1996) ("It is a well-established principle of federal law that if an appellate court considers only one of a lower court's alternative bases for its holding, affirming a judgment

8

without reaching the alternative bases, only the basis that is actually considered can have any preclusive effect in subsequent litigation."); S. Bos. Allied War Veterans Council v. City of Bos., 875 F. Supp. 891, 909 (D. Mass. 1995) ("Where . . . the appellate court did not affirm every ruling of the lower court, only the decisions essential to the appellate court's holding are entitled to preclusive effect."); State v. Stanford, 828 P.2d 459, 461 (Or. Ct. App. 1992) ("When an appellate court refuses to consider an issue and affirms a judgment on a different ground, a party is not prevented from relitigating that issue.").

¶ 16.    Specifically, when, as in this case, "a lower court's decision on a question of fact is challenged in a proper appeal, and the appellate court does not pass upon that finding of fact in reaching its decision, the lower court's finding is not conclusive against the appellant in a subsequent suit on a different cause of action."  Masco Corp. v. United States, 303 F.3d 1316, 1330 (Fed. Cir. 2002) (quotation omitted).  In relevant part, issue preclusion is limited in this way because "a factual issue cannot, consistent with the statutory right to appellate review, be said to have been finally adjudicated when the appellant has been precluded from obtaining the appellate review which he sought and to which he would have been entitled if the fact had been material." Id.

¶ 17.    Here, in Merritt v. Daiello, plaintiff challenged on appeal the trial court's finding of access to his property from the west, but this Court declined to review that finding because it upheld on different grounds the trial court's conclusion that there was no easement by necessity. Accordingly, plaintiff is not precluded in this proceeding from relitigating whether he has access to this property from the west.

¶ 18.    The second preclusion question raised herein—whether the parties are precluded from relitigating in this case whether Stebbins Road was properly laid out by the Town—is a far thornier question.  We address this issue because of the uncertainty surrounding whether plaintiff has access to his property from the west.

9

¶ 19. The issue of whether the Town properly laid out Stebbins Road was raised in Merritt v. Daiello, determined by the superior court in the Merritts' favor, and challenged by plaintiff on appeal. However, unlike the issue of whether plaintiff had access to the west, this issue was addressed and upheld on appeal. Relying upon the deferential standard of review accorded to trial court findings, we concluded in Merritt v. Daiello that, "viewing the evidence in the light most favorable to the prevailing party, the evidence was sufficient to conclude that the town did not properly lay out Stebbins Road." 2010 WL 7799806, at *3 ("To overturn a finding, an appellant must demonstrate not just that the evidence underlying it is contradicted but that no credible evidence supports it.").

¶ 20. Notwithstanding the Merritts' claim in their amended complaint in Merritt v. Daiello that plaintiff was not entitled to access his property via Stebbins Road because the Town had never properly laid out the road as a public road, neither the Merritts, nor plaintiff, nor the trial court joined the Town in that action. Now, in this action in which plaintiff is suing the Town based on a claimed lack of access to his leased property, the Town argues in part that it did not breach any covenant of quiet enjoyment based on a lack of access to plaintiff's leased property because it can conclusively demonstrate that in fact Stebbins Road was properly laid out as a public road. The Town contends that, as a nonparty to the earlier action, it is not bound by any facts established in that action and thus can assert contrary facts to defeat plaintiff's claim that it breached any covenant of quiet enjoyment associated with plaintiff's leased property.

¶ 21. The Town is correct that because it was not a party in Merritt v. Daiello, it is not precluded from arguing that Stebbins Road was properly laid out as a public road. See 18A Miller, supra, § 4448, at 315 ("The central proposition that a party is bound is balanced by the rule that ordinarily nonparties are not bound."). There is no suggestion in the record that the Town declined to take part in the prior suit brought by the Merritts or even that it was aware of that suit. See id. § 4452, at 381, 397 (noting that most courts have held that "a nonparty is not precluded from relitigating matters decided in a prior action simply because it passed by an opportunity to

10

intervene" but "some thoughtful commentators have suggested that courts should develop a new procedure to foreclose nonparties who have deliberately bypassed the opportunity to intervene").

¶ 22.    Hence, on remand, the trial court may find that plaintiff in fact has no access from the west, but that the Town is not liable based on an alleged breach of an implied covenant of quiet enjoyment because it in fact properly laid out Stebbins Road and thus did not interfere with plaintiff's access over that road.  Such a ruling would result in two inconsistent judgments that together would thwart plaintiff's attempt to gain access to his property or compensation, if any is due, for a lack of access: one that plaintiff has no right to access his property from Stebbins Road because the Town never properly laid out the road, and the other that the Town is not liable for a lack of access to plaintiff's property because the Town properly laid out Stebbins Road.  Ironically, this is the very situation that the doctrine of issue preclusion is designed to prevent.

¶ 23.    Accordingly, assuming on remand that western access does not provide an independent basis for judgment for the Town and that the superior court is compelled by the Town's position to decide whether Stebbins Road was properly laid out, that issue is back on the table, even as to the Merritts, who will become an indispensable party.[5]  Under this scenario, we hold that, for the reasons stated below, plaintiff would not be precluded from relitigating whether Stebbins Road was properly laid out—even against the Merritts.  We emphasize, however, that in so holding, we are not deciding the scope of any implied covenant of quiet enjoyment attributable to the Town.  Nor are we deciding the nature or extent of any access over Stebbins Road or any other road to which plaintiff may be entitled.

¶ 24.    Even when an essential issue is actually litigated and determined in a final judgment, relitigation of that issue in a later action between the parties to the initial action is not precluded when, among other things, there exists "a clear and convincing need for a new

---

[5] Although not bound by the earlier litigation concerning Stebbins Road, the Town would be free to accept the outcome there, in which case plaintiff would not be entitled to relitigate the issue, and the Merritts would not be indispensable parties to this action.

determination of the issue . . . because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action." Restatement (Second) of Judgments § 28(5). To be sure, this exception to issue preclusion between parties to an earlier action must be cautiously applied only in rare "instances in which the interests supporting a new determination of an issue already determined outweigh the resulting burden on the other party and the courts." Id. § 28 cmt. g. We conclude that this is such a rare instance, where the Town was not joined in the first action despite the nature of the issue and where, as a result of the Town not being joined in that action, there is the real potential for inconsistent judgments impacting the Town's responsibilities and plaintiff's rights.

¶ 25. The lack of foreseeability as to a later action is a general limitation applied "to reduce the risk that issue preclusion may perpetuate and proliferate error." 18 C. Wright, supra, § 4424, at 675 ("The suggestion that issue preclusion should be conditioned by a general requirement that the possibility of preclusion in the context of a second case have been foreseeable at the time of the first has now been advanced by several courts and commentators."). An insistence on issue preclusion in such instances may "proliferate an initial error to other claims advanced in other settings" even when "the initial decision often would have come out differently if the first tribunal had been confronted with the later claims supported by the very same evidence that was advanced in the first action." Id. at 691-92.

¶ 26. As the plaintiffs in Merritt v. Daiello, the Merritts sought a declaratory judgment that plaintiff was not entitled to cross their property via Stebbins Road. They initially argued that the Town's discontinuance of the road precluded plaintiff's access, but later amended their complaint to allege that plaintiff was not entitled to access over the road because the Town never properly laid it out. Notwithstanding their challenge to the Town having properly laid out Stebbins Road as a public road, the Merritts did not join the Town in that action. Nor did plaintiff seek to have the Town joined. See Restatement (Second) of Judgments § 29(3) cmt. e ("[W]here a plaintiff brings a subsequent action involving the same issues against a person whom he could appropriately

12

have joined as a co-defendant in the first action, only strongly compelling circumstances justify withholding preclusion.").

¶ 27. In relevant part, our rule regarding necessary joinder is substantially identical to the federal rule and provides as follows:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Vermont Rule of Civil Procedure 19(a).

¶ 28. The first stated basis for necessary joinder "is designed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." 7 C. Wright et al., Federal Practice and Procedure § 1604, at 41 (2001). In evaluating this factor, courts have also considered "whether joinder will avoid multiple actions and potentially inconsistent verdicts." Id. at 47. The second basis for necessary joinder comes into play when a person's absence may prejudice either that person or those already before the court. Id. at 51. Joinder is required "if the action might detrimentally affect a party's or the absentee's ability to protect his property or to prosecute or defend any subsequent litigation in which the absentee might become involved." Id. at 61. Rule 19 is fully applicable in declaratory judgment actions, id. at 246, and local governments should be joined "when they will be affected by the action or adequate relief cannot be awarded in their absence." [6] Id. at 271.

---

[6] In suits against lessees of land, courts have frequently found the owner's interest to be implicated so as to require joinder. See, e.g., Giambelluca v. Dravo Basic Materials Co., 131 F.R.D. 475, 477 (E.D. La. 1990) (concluding that lessor of adjoining property was indispensable

13

¶ 29. Here, we cannot say that it should have been foreseeable to either the trial court or the parties that the judgment in <u>Merritt v. Daiello</u> would result in plaintiff's later action claiming that the Town had breached a covenant of quiet enjoyment implied in his lease by impeding access to his property. We can say, however, that by not joining the Town in their earlier action seeking to prevent plaintiff from accessing his property through their property based on a claim that the Town had failed to properly lay out the public road crossing their property, the Merritts ran the risk that issues resolved in that action would be subject to religitation in any later action involving the Town and themselves as indispensable parties. As between the Merritts and plaintiff, we conclude that the Merritts had the greater obligation to join the Town in the earlier action, insofar as they brought the action to exclude plaintiff from ingress and egress across their property and they were the party claiming that the Town had not properly laid out the road that was the subject of their lawsuit.

The superior court's September 21, 2016 and June 13, 2017 decisions are reversed, and the matter is remanded for further proceedings consistent with this opinion.

FOR THE COURT:

_____
Associate Justice

party in action brought by landowners seeking to enjoin use of road running through landowners' property).

14